MOSES G. HOWARD

*vs.*

BANGOR AND AROOSTOOK RAILROAD COMPANY.

Piscataquis.    Opinion April 9, 1894.

*Game.    Penalty.    Action.    Statute amendments.    Contradicting clauses.*
*R. S., c. 30, § 18; Stat. 1891, c. 95, § 10.*

It is a general (not a universal) rule that, where it is provided by legislative
act that a statute shall be amended by inserting certain words therein, so
that as amended it shall read in a certain way, and there is a contradiction
between the words to be inserted and the words actually inserted, the latter
words defeat the former. The last words govern unless there may be some
absurdity in such a construction.

Where the amendatory clause provides an action of debt to recover the pen-
alty prescribed for the illegal transportation of moose, caribou or deer, and
the section as amended provides an action of case for the offense:

*Held*, that the latter form of action must be employed in an action to enforce
such penalty.

AGREED STATEMENT.

This was an action of debt to recover a penalty under the statute, submitted to the law court upon the following statement of facts :

This was an action of debt brought by the plaintiff, a game warden, against the Bangor and Aroostook Railroad Company, to recover the penal sum for transporting game in close time, under the statute of 1891, chap. 95, sec. 13.

The defendant company received, of one Edwin Lancy, a young calf-moose about three months old, which was hunted and captured in Wilson pond, in the county of Piscataquis, in the month of July, 1892, by said Lancy. Said moose was delivered to said company's agent at Greenville, on the thirteenth day of July, 1892, with knowledge of the above facts.

Said company transported said moose in company with said Lancy to Foxcroft junction, in said county, where it was further shipped by express.

*M. W. McIntosh*, for plaintiff.

*F. H. Appleton and H. R. Chaplin*, for defendant.

The plaintiff cannot prevail for two reasons :

I.   Because he sues in debt, when he should have sued in case.   II.   Because the provisions of section 13 of chapter 95, laws of 1891, under which this action is brought, do not apply to a live moose.

Counsel cited :   Bishop on Written Laws, § § 80, 102, 152 ; *Allen* v. *Young*, 76 Maine, 81.

SITTING :   PETERS, C. J.,   LIBBEY,   EMERY,   HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.   The question of this case involves the construction of section 10 of chapter 95 of the laws of 1891, which section runs as follows :

"Sect. 10.   Section eighteen of said chapter is hereby amended by striking out all of said section after the figures 'eighteen,' and inserting the following words :   'Officers authorized to enforce the fish and game laws and all other persons, may recover the penalties for the violation thereof in an action

of debt in their own names, or by complaint or indictment in the name of the State, and such prosecution may be commenced in any county in which the offender may be found, or in any neighboring county;' so that said section as amended, shall read as follows :

"Sect. 18. Officers authorized to enforce the fish and game laws and all other persons, may recover the penalties for the violation thereof in an action on the case in their own names, or by complaint or indictment in the name of the State, and such prosecution may be commenced in any county in which the offender may be found, or in any neighboring county."

It will be noticed that, by the words to be inserted as a new section, an action of *debt* may be maintained to recover certain penalties, but by the words actually inserted as the new section an action *on the case* is prescribed as the proper process ; and the question is whether an action of debt as first named or an action of case as lastly named shall be regarded as the correct mode of procedure.

It may be said that no rule of universal application prevails as to whether the amendatory or the amended words shall govern the construction where there is a repugnancy between them. One clause may clearly show the legislative intent, and the other not. The consistency of either one may overrule the absurdity of the other. The real intention is to be ascertained if it can be.

But the rule of interpretation which governs in cases generally, where any doubt or uncertainty exists, is that the last words control all preceding words for the purpose of correcting any inconsistency of construction. The authors are agreed on this subject, and a late writer (Endlich on the Interpretation of Statutes, § 183), makes the following statement of the rule :

"Where, in a statute, there are several clauses which present, as compared with each other, an irreconcilable conflict, the one last in order of date or local position must, in accordance with this rule, prevail, and the others be deemed abrogated to the extent of such repugancy ; whether the conflicting clauses be sections of the same act, or merely portions of the same section.

But this rule is subject to some modifications. Thus it has been said, that a later clause which is obscure and incoherent will not prevail over an earlier one which is clear and explicit. Nor, as a statute is to be construed with reference to other statutes in *pari materia*, as well as by a general survey of the whole context, and as the various provisions are to be made to stand together if possible, will such be the result, where, upon a comparison of the entire act with others upon the same subject, there appearing no intention to change the general scheme or system of legislation upon the same, the earlier provision harmonizes and the latter conflicts with such statutes. And it has been seen that a reading of the provisions of the whole statute together may give to earlier sections the effect of restricting the meaning of later ones, as well as to the latter the effect of restricting the operation of the former. As to repugnant portions of a code it has been held that the sections last adopted, or portions transcribed from later statutes, must be deemed to repeal sections adopted earlier or transcribed from earlier statutes, or so to modify them as to produce an agreement between them."

It is no doubt logical and natural to regard words last spoken as better considered than words first spoken on the same topic; and this idea runs through the law, with varying influence according to circumstances, in its interpretation of all kinds of written instruments. Courts have quite uniformly held that where statutes have been amended "so as to read," in a particular way, the statute as amended repeals or defeats all previous provisions inconsistent with it, the former provisions becoming merged in the latter.

By R. S., c. 30, § 18, the remedies for illegally hunting and killing deer, caribou and moose are recoverable by actions on the case, and it is reasonable to conclude that the legislature intended to supply the same form of remedy for the illegal transportation of such creatures. Prior to 1891, there were no civil remedies for the transportation of game, although it was a criminal offense.                                   *Plaintiff nonsuit.*

LIBBEY, J., died before the decision of this case.