### SULLIVAN v. BAILEY.

MUNICIPAL CORPORATIONS—WATER AND LIGHT—GRANT OF FRANCHISE—DURATION.

* 1. Under a city charter conferring power upon the common council to contract to supply its inhabitants with water and light, and to grant the use of the streets, etc., for those purposes, for a period not exceeding 10 years, the common council cannot grant a franchise for the use of the streets, etc., for a longer period than 10 years for those purposes.

2. The proviso to section 5, chap. 9, Act No. 437, Local Acts 1899, is limited to the section to which it is attached, and does not cover the whole act.

*Mandamus* by William Sullivan to compel Matthew G. Bailey, mayor of the city of Mackinac Island, to execute certain contracts. Submitted October 9, 1900. Writ denied October 31, 1900.

* Head-notes by GRANT, J.

The charter of the city of Mackinac Island contains the following provision:

"The council may contract from year to year, or for a period of time not exceeding ten years, with any person or persons, or with any duly-authorized corporation, for the supplying of such city and the inhabitants thereof with water upon such terms and conditions as may be agreed, and may grant to such person, persons, or corporation the right to the use of the streets, alleys, wharves, and public grounds of such city as shall be necessary to enable such person, persons, or corporation to construct and operate proper works for the supply of water for the use of such city and the inhabitants thereof upon such terms and conditions as shall be specified in such contracts." Act No. 437, Local Acts 1899, chap. 24, § 11.

The provision for lighting the city is in terms precisely the same as the above. Id. chap. 25, § 8.

The charter also provides that the common council shall have authority to grant a franchise to a street railway. The section conferring this power contains the following proviso:

"That no franchise for the use or occupancy of any street for any purpose shall be granted to an individual, company, or corporation except by a two-thirds vote of all the aldermen elect, nor shall any such franchise be granted for a period exceeding thirty years." Id. chap. 9, § 5.

The common council of the city adopted the following resolution:

"1. That it is and it is hereby declared to be expedient to have works constructed for the purpose of supplying said city and the inhabitants thereof with electric light.

"2. That it is and it is hereby declared to be inexpedient for said city to build said works under the power granted in its charter.

"3. That the existing conditions demand that a franchise for thirty years be granted to some person, corporation, or association to supply said city and the inhabitants thereof with electric light and power, upon such terms and conditions as may be agreed upon.

"4. That it is necessary to grant to some person, corporation, or association the right to the use of the streets,

alleys, and public grounds of said city for a period of thirty years, to enable such person, corporation, or association to construct and operate an electric-light plant for the supply of light and power for the use of the city and the inhabitants thereof."

A similar resolution was passed in regard to the construction of a waterworks. At the same meeting resolutions were passed authorizing two contracts to be made with the relator,—one for the erection of waterworks, and the other for an electric-lighting plant. The resolutions and the contracts provide for the granting of a franchise for 30 years. This contract contains the following:

"*Whereas*, second party proposes to install, equip, and maintain within the corporate limits of first party a system of waterworks, and a system of sewers to be used in connection therewith, upon the condition and in consideration that first party shall grant a thirty years' franchise therefor, and shall rent a fixed number of hydrants at a fixed rental per annum: Now, therefore," etc.

Following this recital is an agreement on the part of the city to take 52 hydrants for 10 years, at a rental of $2,500 per year. The second clause of the contract is as follows:

"First party also agrees to forthwith enact an ordinance to enable and empower the second party to carry this contract into effect, granting unto second party or his assigns a franchise for the term of thirty years for the purposes herein set forth, which ordinance when enacted shall be and become a part of this contract, and also such other and further ordinances as may be requisite to protect the rights of second party in the premises."

The contract then prescribes the charges to be made by relator for private consumption and sewers. A similar contract was agreed upon for an electric-lighting plant; and the respondent, the mayor of the city, refused to sign this contract, upon the ground that the common council is not authorized to grant the use of the streets to a person or corporation for a period of 30 years to furnish light and water. The relator seeks the writ of *mandamus* to compel the execution of the contract.

*John W. Beaumont (Russell C. Ostrander,* of counsel), for relator.

*James McNamara,* for respondent.

GRANT, J. (*after stating the facts*). The learned counsel for the relator contend that the city authorities may grant a franchise for 30 years, while they can make a contract only for 10 years. The pertinent queries at once arise: (1) What was the purpose of the 10-year limit? (2) What rights will relator have in the streets at the end of the 10 years, under a 30-year franchise with a 10-year contract?

It is manifest that the legislature recognized the evils that had come to municipal corporations by granting the use of the streets for so long a period. The evident purpose, therefore, in granting this charter was to leave the control of the streets, at the expiration of the 10 years, entirely within the power of the common council. It is urged that neither persons nor corporations will make so large an investment if all their rights to the use of the streets cease at the end of 10 years. It would follow that the purpose of this action of the common council is to give the relator and his assigns some rights in the streets which they would not possess under a grant of 10 years only. The charter confers upon the common council all control over the streets, and the sole right to grant their use for furnishing water and light. Under the relator's theory, he, at the expiration of 10 years, would have vested rights in the streets upon and in which he has placed his property. If he could make no agreement with the city by which the city and its inhabitants could be furnished with light and water, he would still have the right to keep his poles, etc., in the streets, and make contracts with private individuals for furnishing light and water for their business places and residences. Again, under his theory, the only power of the common council would be to regulate the prices to be charged for light, water, and sewerage. Such regulations must be reasonable, or they would be

void. The sole advantage, then, to be obtained by the city under this construction of the charter, would be the right to refuse to make further contracts with him for lighting and furnishing water for the streets and other public places of the city. It is clear to me that this would practically render nugatory the 10-year limit. Unless the relator would, by this franchise, obtain this vested right to maintain his plant in the streets, the franchise beyond 10 years would be of no benefit to him. Of what practical value would the limitation be to the municipality under his contention? The only power left in the city would be to refuse to enter into further contracts with him, and either to let contracts to other parties or erect works itself. If it should see fit to let contracts to other parties, there would be another set of poles and another system of pipes for water and sewerage. At the end of a second 10 years such a contract might be let to another party, and there would then be three sets of poles, and three different systems of water and sewerage, in the streets of the city. It seems to me that such result could not have been contemplated by the legislature, and that the language of sections 8 and 11 is a clear limitation upon the power of the common council to grant any franchise for furnishing light and water beyond the 10 years.

If the relator were a corporation instead of an individual, such corporation would be organized under the laws of the State, and, by its terms of incorporation, could fix its period of existence, not exceeding 30 years. The State, and not the municipality, therefore, fixes the franchise. The terms under which such franchise may be exercised are lodged in the municipal authorities, and, when their power to contract is limited to a period of 10 years, they cannot extend that beyond the period of limitation. The word "contract," as used in the charter, in my judgment, means the same as the word "franchise." When a franchise is proposed, it defines the terms of its existence, and its acceptance completes the franchise or contract. Until the action of the council is accepted,

there is no franchise or contract. The proviso to section 5 must be limited to the section to which it is attached, and does not cover the whole act. End. Interp. Stat. § 186.

Under the rule so often approved by this court, that municipal authorities possess only the powers expressly conferred or necessarily implied, I cannot escape the conclusion that the contract proposed is void, and that the writ must be denied.

The other Justices concurred.