(65 App. Div. 128.)

MONTGOMERY v. BOYD et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

SUFFICIENCY OF COMPLAINT—PRACTICE—MOTION—DEMURRER.

The question of whether or not a complaint states a cause of action should not be determined on a motion to vacate an order for service by publication, but must be raised by demurrer or answer, unless the complaint is clearly frivolous.

Appeal from special term, New York county.

Action by James L. Montgomery against Robert Nathaniel Boyd and others. From an order denying a motion to vacate an order for service by publication, defendants appeal. Affirmed.

See 70 N. Y. Supp. 139; 71 N. Y. Supp. 264.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Edward C. Perkins, for appellants.

Stephen H. Olin, for respondent.

INGRAHAM, J. The defendants, appearing only for the purpose of moving to vacate an order for the service of the defendants by publication, attack the order upon the ground that the complaint does not state a cause of action against them. On an appeal in this action from an order granting leave to amend the complaint, this court held that, in view of the fact that the questions involved in this action had not been definitely passed on by the court of appeals, they should not be determined upon a motion; but it was left to the defendants to raise the questions by demurrer or answer, so that eventually the question could be brought before the appellate court in a regular way. I think that the same disposition should be made of the appeal. The question as to the right of the plaintiff to recover in the action should not be determined upon a motion of this kind, except in a case where from a bare inspection of the complaint it can be seen that there is no cause of action alleged, and consequently that the complaint is frivolous. Whether or not the action in its present form can be maintained is not so clear as to justify us in saying that the action is frivolous. These defendants, by demurring to the complaint or by answer, can have the question properly determined; and we should not, on a motion to set aside the service of the summons, preclude the plaintiff from such a course as would enable him to present the question involved to the court of appeals. The court, therefore, expressing no opinion upon the questions argued, refuses to determine the questions upon the decision of this motion.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.