UNITED STATES, to Use of HOLLINGER (VERMONT MARBLE CO., Intervener), v. STANNARD et al.

(District Court, M. D. Pennsylvania. July 31, 1913.)

No. 476.

1. PLEADING (§ 151*)—PENNSYLVANIA PRACTICE—AFFIDAVIT OF DEFENSE—DEMURRER.

In a suit on a federal contractor's bond, an objection that plaintiff's suit was not brought within the time specified by statute could be properly raised under the Pennsylvania practice by affidavit of defense, and it was not material that it was not set up by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 302; Dec. Dig. § 151.*]

2. UNITED STATES (§ 67*) — FEDERAL CONTRACTOR'S BOND — ACTION BY MATERIALMAN—TIME—STATUTES—CONSTRUCTION.

Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), provides for suit by a materialman on a federal contractor's bond in case suit is not brought by the United States within six months after final settlement of the contract, provided that the materialman's suit must be commenced within one year after final settlement, and provided that personal notice of the pendency thereof shall be given to all known creditors, and notice shall be published for at least three successive weeks, the last publication to be at least three months before the time limited for suit. *Held*, that the provision for notice is not directory only, but mandatory, creating a condition precedent to the materialman's right to recover on the bond, and that the last publication must be completed three months before the expiration of the year from final settlement, or the creditor's right is barred.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

Suit by the United States, to the use of J. A. Hollinger, against Ambrose B. Stannard and others, in which the Vermont Marble Company intervened. On rule for judgment for want of a sufficient affidavit of defense. Denied.

A. V. Bower and R. W. Archbald, both of Scranton, Pa., Wolfe & Bailey, of Harrisburg, Pa., and J. A. Strite, of Chambersburg, Pa., for plaintiff.

A. C. Stamm, M. E. Olmsted, and W. S. Snyder, all of Harrisburg, Pa., for defendants.

WITMER, District Judge. Suit is here brought under the provisions of Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), which extend to parties who have furnished material used in the construction of a government building the protection afforded by the bond given to the government by the contractor at the inception of the contract.

The contract was entered into under date of November 28, 1910, between the United States of America and Ambrose B. Stannard for the construction of a United States post office building in the borough of Chambersburg, Pennsylvania, which the Illinois Surety Company and the National Surety Company, jointly as sureties, assured the United States in the penal sum of $30,000. The building was completed and accepted, and a final settlement made June 24, 1912, by the contractor with the government. No suit having been brought on the bond by the government, a certified copy of the contract and bond was obtained, and J. A. Hollinger, February 24, 1913, brought suit on the bond in the name of the United States of America to recover for certain material and labor furnished in the construction of the building for which he was not paid by the contractor. Notice to creditors was published by order of court for three weeks in the Franklin Repository, a newspaper published at Chamberburg, in said district, the last publication appearing on April 9, 1913.

The Vermont Marble Company, May 22, 1913, on application, was given leave to intervene and be made a party, and thereafter filed a statement of claim aggregating $1,900, with interest, for marble furnished to and used by the contractor in the construction of the building.

[1] The surety companies each filed an affidavit of defense to the claim of the Vermont Company, which in turn June 10, 1913, filed exceptions to the sufficiency of the affidavits. A rule was afterwards, on June 24, 1913, obtained to show cause why judgment should not be entered for want of a sufficient affidavit of defense. Whether the affidavit presents sufficient defense to prevent summary judgment is now for consideration. While the defendants call upon the plaintiff to make proof of his claim, their chief defense is purely legal, going to the right of the plaintiff to recover any amount whatever. That such defense was not set up by demurrer is of no consequence under the Pennsylvania practice. If for any reason, upon examination of the affidavit, the court is satisfied that the defense should be sustained in whole

or in part, judgment must be refused. United States v. Schofield (C. C.) 182 Fed. 240.

It is contended by defendants in their several affidavits that the suit instituted by Hollinger was not brought in the time required by the act of Congress giving him the right of action. "Final settlement having been made for the post office * * * on June 14, 1912," it is said in the affidavit, "a period of a full year from the final settlement for the said post office will have elapsed on June 14, 1913; but as the act requires publication of the pendency of such suit for three weeks, and the completion of the publication three months before the expiration of a year from the final settlement for the said post office, it is expressly required by the statute that the original use plaintiff, J. A. Hollinger, should have completed his publication of notice of the pendency of his suit three months before June 14, 1913, or upon March 14, 1913. As the act further requires that the publication of the notice of the pendency of the suit must run for three weeks, then the publication of the pendency of the suit * * * should have started not later than February 21, 1913."

[2] The act provides that there shall be but one suit on the bond, giving the United States priority by six months in the right of action, and allowing parties, who have furnished materials and labor the opportunity to intervene and be made parties to such action, with a view of making equal distribution among claimants of the fund realized, after the United States is fully paid. It further provides that:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, * * * be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor, and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall * * * be commenced within one year after the performance and final settlement of said contract, and not later; and provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. * * * Provided further, that in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor."

It is contended for the plaintiff that the limitations imposed by the statute, requiring that suit shall be brought within a year after acceptance and final settlement of his contract by the contractor, that the United States shall have six months in which to sue before the right passes to creditors generally, and that all creditors who expect to take anything by the suit shall intervene within the year (Baker Contract

Co. v. United States [C. C. A.] 204 Fed. 390, and authorities cited) are the only conditions imposed limiting a recovery, and that the provision respecting notice, personal or by publication, by the creditor who brings suit, to other creditors of their right to intervene, is directory merely, and not mandatory, and that the failure to comply with it does not affect the liability of the sureties or the right to recover on the bond. I am unable to reach this conclusion. The conditions precedent to recovery are attached to the grant by the latter words in the act, in the form of provisos, permitting creditors to sue upon the bond (Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 34, 31 Sup. Ct. 140, 55 L. Ed. 72), and they are equally effective, whether applying to the time during which action shall be instituted or to the manner in which equal division of the amount recovered on the bond is intended to be effected. "Where the liability and the remedy are created by the same statute, the limitation of the remedy is created as a limitation of the right." The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358. The rights of the parties are defined by the statute which exacted the bond, and by that statute suppliers of labor and material used in the prosecution of the contract work for the government, claiming the right to have recourse upon it, must proceed in the prescribed manner.

As was said by Mr. Justice Van Devanter, construing the act of February 24, 1905, in United States v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163:

The act "also provides that only one such action shall be brought and that it shall be so instituted and conducted, in point of notice and otherwise, that all demands of that class may be adjudicated therein and included in a single recovery."

The purpose of the act is to protect materialmen and laborers contributing to the construction of federal buildings, and to give all an equal opportunity to secure themselves through the action on the bond as provided by the act. To accomplish this a notice is provided, which is imposed by the act upon the one who takes the initiative. By the notice required all creditors will have at least three months after the last publication to file their claims, and this, in fact, limits the time during which a creditor may bring suit to a little over two months. While this imposes diligence, and the necessity of watching the office of the clerk of the District Court, and if suit is not brought by some other, the bringing of suit during this interim and the publication of notice, it nevertheless affords a remedy for fair and equal treatment of creditors which did not heretofore exist. That the last proviso of the act as to notice, grafted upon the right to sue and recover judgment, is as much a condition imposed and to be observed as the limitations embraced in the two preceding provisos is not doubted.

There may be other reasons why the motion should be denied, which it will not be necessary to consider in view of the conclusion reached. The rule to show cause is dismissed, and the motion to enter judgment refused.