MERCHANTS' NAT. BANK OF NEW HAVEN, CONN., et al. v. UNITED STATES ex rel. SARIO et al.

(Circuit Court of Appeals, Second Circuit. April 22, 1914.)

No. 241.

1. UNITED STATES (§ 67*)—CONTRACTORS' BONDS—ACTIONS—LIMITATIONS.

Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), requires contractors with the United States to give a bond, and provides that any party furnishing labor and materials may intervene in any action thereon by the United States, or, if no suit is brought by the United States within six months, such party may sue thereon in the name of the United States, provided that, where suit is brought by such a party, it shall be commenced within one year after the performance and final settlement of the contract and not later, and provided further that only one action shall be brought, and any creditor may file his claim and be made a party thereto within one year, and provided further that personal notice shall be given to all known creditors of their right to intervene, and in addition notice of publication for at least three successive weeks; the last publication to be at least three months before the time limited therefor. *Held*, that the action must be brought a sufficient length of time before the expiration of the year to permit publication, as therein required, three months before the expiration of the year, since the provisos as to the time for bringing the action and the time for publication are conflicting, and the last in order of arrangement therefor controls.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. STATUTES (§ 189*)—CONSTRUCTION—ASCERTAINING INTENT.

A literal interpretation of any part of a statute will not be adopted if it would operate unjustly or lead to absurd results, or be contrary to the evident meaning of the act taken as a whole.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 268; Dec. Dig. § 189.*]

3. STATUTES (§ 228*)—PROVISOS—INCONSISTENCY WITH ENACTING PART.

Where a proviso appended to the enacting part of a statute is repugnant to it, it repeals, to the extent of the repugnancy, the enacting part.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 310; Dec. Dig. § 228.*]

4. STATUTES (§ 228*)—PROVISOS—APPLICATION.

The operation of a proviso is usually and properly confined to the clause or provision immediately preceding.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 310; Dec. Dig. § 228.*

Construction and operation of provisos, exceptions, and saving clauses, see note to United States v. R. F. Downing & Co., 76 C. C. A. 381.]

5. DISMISSAL AND NONSUIT (§ 20*)—VOLUNTARY DISMISSAL—RIGHTS OF OTHER PARTIES.

A party bringing an action on the bond of a contractor with the United States under Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1911, p. 1071), which forbids more than one suit and authorizes any creditor to be made a party thereto, will not be permitted to discontinue the suit, thereby preventing relief to other creditors, unless there is no intervener ready to proceed with the suit.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 37; Dec. Dig. § 20.*]

6. UNITED STATES (§ 67*)—CONTRACTORS' BONDS—ACTIONS—SETTING ASIDE SERVICE.

Where, in an action on the bond of a contractor with the United States under Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), notice to other creditors had not been published, as required by the statute, and the time for such publication had long since expired, the objection might be made by appearing specially and moving to set aside the service of the summons and complaint, though it might have been taken by answer.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

In Error to the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from an order made by the District Court of the United States for the Eastern District of New York, denying motions made by the plaintiffs in error (intervening plaintiffs below) for judgment against the defendants in error (who were defendants below), for reason of the failure of the defendants to appear or answer. Affirmed.

Hitchings & Dow, of New York City (Fayette B. Dow, of New York City, of counsel), for plaintiffs in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. [1] An action was brought by the United States, for the use of Sario, against the construction company and the sureties on its bond to recover for services which Sario had rendered at the request of the company in the prosecution of its work under the contract with the government to build the macadam road at Ft. Terry. The bond, which the construction company gave the United States for the faithful performance of the work, bound the company, among other things, to "promptly make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in said contract." The action was brought under the Act of Congress of February 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071). That act, after providing that any person entering into a formal contract with the United States for the construction of any public work shall execute the usual penal bond, goes on to provide as follows:

"And any person, company, or corporation who has furnished labor and materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of said claims and demands, then, after paying the full amount due the United States, the remainder shall be distributed pro rata among said interveners. If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application, therefor, and furnishing affidavit to the department, under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, that where suit is so instituted by a creditor or by creditors only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery. The surety on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit, the penalty named in the bond, less any amount which said surety may have had to pay the United States by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability: Provided further that in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor."

In brief summary the act makes provision as follows:

(1) It authorizes any person who has furnished labor and materials on public work, and who has not been paid, to intervene in any action brought by the United States on the bond.

(2) If no suit is brought on the bond by the United States within six months from the completion of the contract, then a person supplying the contractor with labor and materials, and who has not been paid, is authorized to bring suit in the name of the United States, in the district in which the contract was to be performed for his use.

(3) But such suit must be commenced within one year after the performance and final settlement of the contract and not later.

(4) And only one such suit can be so instituted by a creditor, and any creditor may file his claim in such action and be made a party thereto within one year from the completion of the work.

(5) Such notice as the court may order is to be given to all known creditors, and also notice must be published in a newspaper as provided for in the act.

(6) The action is to be brought in the District Court, and the amount involved is immaterial.

The work contracted for was completed and a final settlement was had on or about October 6, 1911. No suit on the bond was instituted by the United States. But Sario commenced an action in the name of the United States for his use on September 30, 1912, a few days prior to the expiration of one year from the final settlement above mentioned, and a summons was served on all of the defendants—the construction company and the sureties on its bond. No one of the defendants ever appeared or answered the complaint.

On October 5, 1912, the Merchant's National Bank petitioned to be permitted to intervene and be made a party plaintiff, as did also John Pintall. The bank claimed as assignee of the claim of the Eureka Trap Rock Company for $2,031, which was alleged to be the value of crushed stone which the Eureka Company had furnished the construction company for use in the building of the road. Pintall's claim was for $88.12 and was for labor in running a steam roller used on the work.

The plaintiff Sario, for reasons which do not appear, never proceeded with his action. But the intervening plaintiffs moved the court below, by orders to show cause, for judgments against the defendants, or for such other and further relief as might be just and proper in the premises. The orders to show cause were duly served but were ignored by the construction company and by Randall. The defendant Walton, however, appeared specially, and securing a separate order to show cause moved to set aside the service of the summons and complaint on the ground that no notice by publication had been made by Sario in the original suit. The court below sustained the objection and said:

"When the original suit was brought, it was impossible for the complainant to comply with the statutory requirement as to publication, for the suit was brought only four days prior to the expiration of the period of limitation prescribed, while the act specified that the notice by publication shall be published 'for at least three successive weeks; the last publication to be at least three months before the time limited' for the action. If, therefore, the requirement as to publication of notice is mandatory and not merely directory, the right of recovery fails."

The appellants contend that, in denying them the relief they asked, the court below fell into error. They insist that the provision in the statute requiring publication of notice is not a mandatory condition precedent. They also insist that the construction which was placed on the statute was unsound because it abrogated a right clearly and expressly given by statute and forced such a hardship upon creditors as could hardly have been intended by Congress. They assert that such a construction is wholly unnecessary from the language of the statute itself, and that it creates an anomaly in the law. They contend also that the statute contains a clear grant of the right to bring suit any time within one year from the final settlement of the contract, and therefore that the absolute right given by the statute is nullified by the decision below holding that there must have been a publication of the pending of the action for three successive weeks; "the last publication to be at least three months before the time limited." They urged that a party cannot be compelled to publish notice of the pendency of an action at any time prior to the expiration of the time within which he has a right to commence the·

suit. That, while the statute states that the action shall be commenced "within one year" after the final settlement of the contract, the decision below makes it necessary to commence it at least 15 weeks prior to the expiration of one year.

The question presented does not seem to have been passed upon in the appellate courts. The provision in question came before the District Court for the Northern District of California in United States v. United Surety Co. (D. C.) 192 Fed. 992 (1912), and it was held that a creditor's failure to institute a suit under the act in sufficient time to allow the full notice required to be given to creditors was not a jurisdictional defect which could be made a subject of demurrer. It also came before the District Court in the Middle District of Pennsylvania in United States v. Stannard (D. C.) 206 Fed. 326 (1913), where it was held that the provision was mandatory and that the last publication must be completed three months before the expiration of the year from final settlement or the creditor's right would be barred. The attention of the court in the latter case does not appear to have been called to the decision rendered in the prior case, or at least no reference was made to it in the opinion. In the first case the court simply held that the failure to publish the notice for the full time was not a jurisdictional defect which could be taken advantage of on demurrer. In the second case the court held that the objection did not have to be set up by demurrer but could be properly raised by affidavit of defense. In the first case the court regarded the requirements as to notice and publication as limitations upon the right to maintain the suit. It also believed the provisions were not jurisdictional, as jurisdiction attaches on filing of the complaint, and the provisions in question relate to steps not required to be taken until the action has been commenced.

"Very clearly," the court added, "they are no part of the cause of action, since a compliance with them, for the reason stated, cannot be alleged; hence a demurrer does not lie for such omission. If, however, they are mere limitations, then perhaps they may be waived, unless timely objection is made; and since the question is not jurisdictional, nor one which can arise on demurrer, I am of opinion that it is a proper subject-matter for the answer or by some appropriate objection at the trial. That defendants have a right to interpose the objection in some form and at some time I entertain no doubt; but just how it shall be raised, and what effect it may exert on the rights of the parties if made, it is not now necessary to inquire."

[2-4] It has been held on more than one occasion by the Supreme Court that if a literal interpretation of any part of a statute would operate unjustly, or lead to absurd results, or be contrary to the evident meaning of the act taken as a whole, it should be neglected. Heydenfeldt v. Daney Gold, etc., Co., 93 U. S. 634, 638, 23 L. Ed. 995; Hawaii v. Mankichi, 190 U. S. 197, 213, 23 Sup. Ct. 787, 47 L. Ed. 1016. Such undoubtedly is the rule, and we should unhesitatingly follow it in any case to which it applied. But in our opinion the construction of the statute does not mean what the appellants contend. To assert that the statute gives a creditor a right to bring suit within one year is to ignore the proviso. The rule on that subject is that, when a proviso which is appended to the enacting part of a statute is repugnant to it, it repeals to the extent of the repugnancy the enacting

part.   See Maxwell on Interpretation of Statutes (5th Ed.) p. 254. And the operation of the proviso is usually and properly confined to the clause or provision immediately preceding.   United States v. Bernays, 158 Fed. 792, 86 C. C. A. 52; Hackett v. Chicago City Railway Co., 235 Ill. 116, 85 N. E. 320; Sullivan v. Bailey, 125 Mich. 104, 83 N. W. 996.   In the case of a partial inconsistency which cannot be harmonized, the proviso prevails, as we have said, to the extent of the inconsistency; the reason being that effect is to be given to the later expression of the legislative will.   It so happens, however, that in the statute under consideration the inconsistency which is found to exist does not arise between the so-called enacting part of the statute and the proviso.   It arises between two separate provisos.   The prior proviso contains the provision that the suit which the enacting part of the statute authorizes the creditor to bring in case the United States does not sue within six months shall be commenced within one year from final settlement, and the subsequent proviso contains the provision as to publication of notice.   But we think in such a case the difficulty is settled by the rule that in case of conflicting provisions, if both were enacted at the same time, the last in order of arrangement controls. United States v. Jackson, 143 Fed. 783, 75 C. C. A. 41, reversing (C. C.) 140 Fed. 266; Hall v. Equator Mining, etc., Co., 11 Fed. Cas. No. 5,931; Howard v. Bangor, etc., R. Co., 86 Me. 387, 29 Atl. 1101; Omaha Real Estate, etc., Co. v. Reiter, 47 Neb. 592, 66 N. W. 658. Applying that principle to conflicting provisions, we hold that the year within which the creditor may bring his suit is cut down by the subsequent proviso to the extent of the inconsistency between the earlier and the later provision.   We hold that the statute intends that there shall be one suit only, which (if the United States does not sue within six months) may be brought by any individual creditor.   And, in order to be sure that all other creditors shall have a fair opportunity to intervene in that single suit, the statute makes it a condition of the creditor's right to sue that he shall commence his action at such time only that a three months' notice to all the other creditors can be published before the expiration of the year from final settlement within which they are allowed to intervene in such single suit.

[5] It was suggested upon the argument that such a construction as we think the established rules of interpretation require us to put upon the statute would afford an opportunity for sharp practice and would favor the surety companies at the expense of the laborers.   It is the duty of the court to give effect to the statute as Congress has enacted it, and if it is defective the appeal must be to Congress to amend it.   But we do not think that the sharp practice which counsel fear is possible will ever be permitted.   The idea which counsel seemed to entertain was that when a creditor has commenced his suit in the manner authorized by the statute and published his notice within the prescribed time, thus starting the one suit which the act allows, the surety may settle with him for his claim immediately after the first publication, and thus kill off the suit at a time when it will be too late to bring another.   There can be no real basis for such a fear.   When what we may describe perhaps as "a free for all suit" of this sort has

once been commenced, in conformity to the provisions of the statute, it could not be thus smothered. Discontinuance would be sanctioned by no court until it appeared that no intervener stood ready to take it up and carry it through. The courts would protect the rights of intervening creditors and maintain their right to go on with the action. As the courts protected the right of the assignee of a chose in action, who was obliged at common law to enforce his right in the name of the assignor as the legal plaintiff for his own benefit, so will they protect the rights of the intervening creditor proceeding in an action brought under this statute. As the assignor in whose name the action was brought was not permitted by any act to interfere with or defeat the right of the assignee, so we may be sure that no court will permit any creditor, bringing the action which this statute authorizes, to defeat the right of any other creditor having a right under the statute to go on and prosecute the suit to final judgment.

[6] But it is insisted that the question as to publication was not properly raised in the case at bar. That the defendant Walton, who had appeared specially, should have made his objection by demurrer or by answer and not by affidavit and by motion to set aside the service of the summons and complaint. For reasons stated in a former part of this opinion, in considering the case of United States v. United Surety Co., it would seem that the objection of noncompliance with the statutory requirement as to publication is not one to be taken upon demurrer. That it may be taken by answer may be true. But we know of no reason why a party appearing specially may not make the objection upon motion and affidavit. The complaint and summons had been served within the one-year period, but "no notice of publication" which the statute made necessary to the maintenance of the suit had ever been given, and the time within which it could be given had already expired 12 months before. The court could upon motion, the facts having been established by affidavit, set aside the service of the summons and complaint.

The case of Montgomery v. Boyd, 65 App. Div. 128, 72 N. Y. Supp. 611, to which our attention was called, is inapplicable to the facts of this case. In that case the defendants appeared only for the purpose of moving to vacate an order for the service of the defendants by publication, and they attacked the order upon the ground that the complaint did not state a cause of action against them. The court denied the defendant's motion and held that the question as to the sufficiency of the complaint should not be determined upon motion except in a case where, from a bare inspection of the complaint, it could be seen that there was no cause of action alleged, and consequently that the complaint was frivolous. In the case at bar the defendant Walton was not attacking the sufficiency of the complaint, and the court below did not pass on the sufficiency of it.

Order affirmed.