## UNITED STATES v. MARSHALL et al.

### (District Court, S. D. New York. April 28, 1914.)

UNITED STATES ☞67—ACTION ON BOND OF CONTRACTOR FOR PUBLIC WORK—INTERVENTION.

The provisos in Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), limiting the time within which suit may be brought on the bond of a contractor for public work, and requiring notice of such suit to be given to all known creditors, apply only to suits brought by creditors as therein authorized, and do not limit nor affect the right of creditors to intervene in a suit brought by the United States.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67.]

In Equity. Action by the United States against Edward G. Marshall and others, impleaded with the Illinois Surety Company and others, intervening defendants. Decree for interveners.

Decree affirmed, 225 Fed. 760, —— C. C. A. ——.

H. Snowden Marshall, U. S. Dist. Atty., of New York City.

Nelson L. Keach, of New York City, for defendants.

LEARNED HAND, District Judge. Upon final hearing precisely the same record appears as before, and there is no reason to change the rulings made at the time. The objection that the claims, except Fehr's, were not filed in time, seems to me clearly to be unsound under the language of the second proviso, which limits intervention to a period of one year only when the suit is instituted by creditors.

The objection that the interveners should have given notice under the last proviso seems to me also to be bad, though not so certainly. Judge Witmer has held that this proviso is a necessary condition to a valid suit by a creditor (United States v. Stannard [D. C.] 206 Fed. 326), and Judge Veeder has held that the only period within which such a suit can be brought is the two months and one week immediately following the first six months after completion. Judge Bourquin (United States v. Bailey [D. C.] 207 Fed. 782) has apparently held otherwise. On the other hand, Judge Philips has held (United States v. McGee [C. C.] 171 Fed. 209) that the last proviso does not apply to suits brought by the United States, and I agree with that ruling.

If the last words of the proviso, "before the time limited therefor," mean before one year is up, then clearly the proviso does not apply to such suits, because the United States certainly may sue more than nine months after completion; there being no limitation of time upon its rights, except the general statutes of limitation. As I pointed out before, it would be impossible in such a case to publish "before the time limited therefor." If, on the other hand, these words mean "before the time limited therefor in the notice," it is possible to say that the United States is subject to that proviso, though it may sue more than a year after completion.

In that case it would be obliged, like a creditor who began suit, to advise all other creditors, so that they might be able to intervene. Now,

it is scarcely likely that Congress meant so to limit the right of the United States to sue for its own benefit upon its own bond. Such a suit did not require any act of Congress; it arose at common law, and Congress would hardly have intended to subject the United States to the duty, as a condition precedent, of bringing in all creditors. Besides, the very words of the proviso are limited to suits "instituted under this act," and if, as I have suggested, this suit lay at common law on the bond, these words are not applicable. Some clearer intention than this should be found to limit the rights of the sovereign.

It is true that the right of creditors to intervene in suits brought upon the bond by the United States does depend upon the statute; but the proviso does not touch intervention. If it touches the suit at all, it requires the plaintiff to begin with notice (United States v. Stannard, supra); not the interveners. It has been decided that, if the suit be faulty at the outset, a subsequent intervention will not save it (United States v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893 [April 6, 1914]):

"These rights to intervene and to file a claim, conferred by the statute, presuppose an action duly brought under its terms."

If an intervener has not the power to cure by giving notice, he can hardly have the responsibility. There is nothing in the act which suggests that any notice should be given by a subsequent intervener. Justice Day, on the contrary, in the case quoted says:

"No service was made or attempted to be had upon it, as required by the statute when original actions are begun by creditors."

This implied that such notices are only required in creditors' suits and only when begun. I believe that the right to intervene is untrammeled by all the provisos when the suit is by the United States.

In view of the fact that the suit is upon the bond at common law, and not under the act, it should be remembered that I have not decided that the defendant was entitled to sue in equity, but only that, since the point was raised, it was simpler with the consent of the interveners to avoid any question by acceding to the demand of the surety.

A decree may pass for the interveners, with costs.