UNITED STATES, to Use of VAN CLIEF, v. MERRICK et al.

(District Court, E. D. New York. June 20, 1914.)

1. UNITED STATES (§ 67*)—BOND OF CONTRACTOR FOR PUBLIC WORK—SUIT BY SUBCONTRACTOR.

Under Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), relating to bonds of contractors for public work, and which provides that, if no action on such bond is brought by the United States within six months from completion and final settlement of the contract, any person supplying the contractor with labor or materials not paid for shall, on furnishing an affidavit of such facts, be furnished with a certified copy of the contract and bond, and may bring suit thereon, the requirement of such affidavit is for the protection of the United States, and may be waived, as may also the requirement for a delay of six months before furnishing the copies of the contract and bond.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. UNITED STATES (§ 67*)—BOND OF CONTRACTOR FOR PUBLIC WORK—SUIT BY SUBCONTRACTOR.

In such a suit by a subcontractor, it should be shown by the certificate or otherwise that the United States did not institute a suit within the six months; and the requirements that such suit shall be brought within a year after completion and final settlement of the contract, and that personal notice shall be given to all known creditors, and by publication for three successive weeks, the last publication to be at least three months before the time limited, are jurisdictional; and such notice must be given three months before the expiration of one year from the completion and final settlement of the contract.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

3. UNITED STATES (§ 67*)—CONTRACTOR FOR PUBLIC WORK—ACTION ON BOND.

Such suit being statutory, unless the jurisdictional conditions are complied with, the court cannot render judgment against the contractor; but such an action should be brought at law.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

Action by the United States, to the use and benefit of William S. Van Clief, against Ernest Merrick, conducting business in the trade-name of the Merrick Fireproofing Company, and the Maryland Casualty Company. Decree for defendants.

Holt, Warner & Gaillard, of New York City (William D. Gaillard, of New York City, of counsel), for plaintiff.

Meyer & Henshaw, of New York City, for defendant Merrick.

Edward J. Dowling, of New York City, for Maryland Casualty Co.

CHATFIELD, District Judge. The statute of August 13, 1894 (28 Stat. p. 278), as amended by the law of February 24, 1905 (33 Stat. p. 811), has been construed in numerous cases. In the present action, but one creditor has presented his claim. According to the record, no other creditor is known. An order was obtained dispensing with personal notice of the pendency of this action for that reason.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This order was made on the 3d day of May, 1913, and no "notice of publication" was given. The work was completed and settlement made by the 4th day of June, 1912, and the United States furnished the certificate required by the statute on the 12th day of September, 1912. The action was started on May 3, 1913. It was thus too late to publish any notice of the beginning of the present action for a period of three months before the expiration of the year from the 4th day of June, 1913, and the court therefore made no direction as to the method of publication.

It also appears that the War Department furnished its certificate without a request under oath from the creditor who has brought the action, and within three months after final settlement. The amount of the bond is $4,000, and the amount of the claim of the creditor is $511.63, with interest from June 29, 1912. The testimony shows that the work was done, and the previous decisions on similar points dispose of all the questions raised.

In the McCord Case, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893, decided by the Supreme Court on April 6, 1914, it has been definitely held that the statute must be strictly complied with in all jurisdictional respects. It was therein decided that an action could not be started *before* the time after which the United States could be requested to issue its certificate.

[1] The certificate in the present case was issued before the six months expired, upon a request unaccompanied by the statutory affidavit. This provision for a request on affidavit is manifestly for the protection of the United States, and might be waived. United States v. Mass. Bonding & Ins. Co. (D. C.) 198 Fed. 923.

The suit was not started prematurely, and the surety company would not be released by a mere lack of form in the way in which the certificate from the United States was obtained. But, under the McCord decision, the record in the present action is deficient, for there is no proof that the United States did not start suit within the six months, and this should be shown by the certificate, or by the testimony, as in Title G. & T. Co. v. Crane, 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72.

[2] As to whether an action can be maintained by a single creditor, who starts his suit within the year, but who does not comply with the sections as to publication and personal service, presents a different proposition. It has been held in the case of United States ex rel. Joseph Sario v. Eldridge Const. Co. et al., decided in this district upon October 21, 1913, and affirmed by the Circuit Court of Appeals on April 22, 1914 (Merchants' Nat. Bank v. United States ex rel. Sario, 214 Fed. 200, 130 C. C. A. 548), that the requirements of bringing suit within a year, of filing claims within the year, and of complying with the statute so as to bring in all creditors, are jurisdictional. Compliance with the provision as to personal notice to "known creditors" was held negligible, if none were "known"; but the provision as to advertising was declared to be mandatory and jurisdictional, citing United States v. Stannard (D. C.) 206 Fed. 326.

The purpose of advertising claims is, of course, to notify those

215 F.—17

creditors who may not be known personally. In the absence of affirmative proof that there are no such creditors, a compliance with the statute requiring attempted personal service would be a necessary preliminary. The phrase requiring any suit to be brought "within one year * * * and not later," is inconsistent with the provision that "in addition thereto notice of publication * * * for at least three weeks, the last publication to be at least three months before the time limited therefor," unless the last provision be taken as controlling so far as properly commencing the first action is concerned, and unless the first provision allowing any suit to be brought not later than a year is held to be a statute of limitation upon the suits upon intervening claims in a previously started action. The last word of the statute, "therefore," can relate to nothing preceding it except the time to bring suit, and the general effect is that a creditor who wishes to bring suit must see that his or some other action is properly started, so as to allow time for publication for claims, and, if that is done, then the other actions must also be brought by intervention within one year.

[3] The plaintiff has asked for judgment in any event against the contractor for the amount due; but such an action should be brought at law, and this statutory remedy on the bond does not give the court, as a court of equity, any jurisdiction to enter judgment against the contractor, unless the action is brought in compliance with the entire statute. The one-year limitation applies only to this particular action, and as to an ordinary action on contract the usual statutes would apply.

The defendants may have a decree.