# THE

# MISCELLANEOUS REPORTS

OF THE

# STATE OF NEW YORK.

## COMMENCING JUNE, 1918.

---

THOMAS F. SEXTON and WINFIELD GRAHAM, as Officers and Members of the Last Board of Directors and as Liquidating Trustees of the McFARLAN SALES COMPANY, Plaintiffs, *v.* SAM BERNHEIMER, Defendant.

(Supreme Court, New York Special Term, June, 1918.)

Service — of summons by publication — when, by deputy United States marshal not good without the state — motions and orders — attachment — process — Code Civ. Pro. § 443(5), as amended in 1916.

A motion to vacate an order for the service of a summons by publication and to vacate the service of the summons and complaint without the state will not be granted on the ground that the complaint does not state a cause of action.

Where an attachment against the property of the nonresident defendant granted prior to the order for the publication of the summons was vacated and the attached property sold and conveyed to a stranger to the action before the motion to vacate the order of publication, the facts do not warrant the granting of said motion.

Under section 443(5) of the Code of Civil Procedure, as amended in 1916, authorizing the personal service of a summons without the state "by a United States marshal" such service made by a deputy United States marshal is not good and upon motion will be vacated.

MOTION to vacate order for the service of the summons by publication and to vacate the alleged service of the summons and complaint without the state.

Arthur W. Weil, for defendant appearing specially for purpose of motion.

Frank M. Patterson, for plaintiffs, opposed.

GIEGERICH, J. The defendant moves to vacate an order heretofore made herein for the service of summons by publication and to vacate the alleged service of the summons and complaint made upon the defendant in the state of Missouri by a deputy United States marshal. The first ground upon which the motion to vacate is sought to be supported is the claim that the complaint does not state facts sufficient to constitute a cause of action. Measured by the elastic and liberal rule, which should be applied to the sufficiency of the complaint on a motion of this kind, I do not think the complaint should be held to be so plainly bad as to warrant the granting of the motion on this ground. In *Montgomery* v. *Boyd,* 65 App. Div. 128, in speaking of such an order sought to be vacated on such a ground, the court said: " The question as to the right of the plaintiff to recover in the action should not be determined upon a motion of this kind except in a case where, from a bare inspection of the complaint, it can be seen that there is no cause of action alleged, and, consequently, that the complaint is frivolous. Whether or not the action in its present form can be maintained is not so clear as to justify us in saying that the action is frivolous. These defendants by demurring to the complaint or by answer can have the question properly determined, and we should not, on a motion to set aside the service of the summons, preclude the plaintiff from such a course as would enable him to present the question involved to the Court of Appeals." See, also, *Slater* v. *American Palace Car Co.,* 146 App. Div. 859. The second ground upon which it is sought to

sustain the motion is that there is no attachment out-standing against any property of the defendant within this state. Such an attachment was issued prior to the procuring of the order for publication, but before the making of this motion the attachment was vacated and the property attached was thereafter sold and con-veyed to a stranger to the action. I do not think the facts stated warrant the vacating of the order for pub-lication. It must be recognized, of course, that as the defendant is a non-resident and has not appeared and the summons has not been served upon him within this state any judgment that the plaintiffs may succeed in recovering will be ineffectual unless there shall be, at the time the judgment comes to be entered, property within this state which shall have been levied upon by virtue of a warrant of attachment. Code Civ. Pro. § 707. It may be, however, that the attachment here-tofore procured and later vacated may be reinstated upon appeal, or it may be that another attachment may be procured hereafter. *Parke* v. *Gay,* 28 Misc. Rep. 329. In the case just mentioned it was said that there is no sound reason for insisting that the warrant of attachment must precede or accom-pany the order of publication. The defendant relies upon *Westbrook* v. *Ward,* 171 App. Div. 547; but in that case the order of publication was vacated, not because a previous attachment had not been issued against the property of the defendant, but because the cause of action stated in the complaint was clearly one of which the courts of this state could not take cognizance against a non-resident without acquiring jurisdiction of his person, either by his vol-untary appearance or by personal service of the sum-mons upon him within the state. A third question remains to be considered and that is whether the service by a deputy United States marshal in the state

of Missouri was such service as is authorized by section 443 of the Code of Civil Procedure, which by the amendment of 1916 authorizes such service to be made "by a United States marshal." I am of the opinion that such service was not authorized. In *Korn* v. *Lipman,* 201 N. Y. 404, 406, the court said: "The general rule in regard to the service of process established by centuries of precedent is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court." The court accordingly held that the provisions of section 440 of the Code of Civil Procedure and of an order made pursuant to that section for the deposit in a branch post office or post office station of one or more sets of copies of the summons, complaint and order is not complied with by proof that such papers were deposited in a mail chute which extended from one of the upper stories of the building to a United States post office box located on the ground floor corridor of the building. The same principle was applied by Mr. Justice Greenbaum in *Fair* v. *Kenny,* 103 Misc. Rep. 412, where he held that service of the summons and complaint, pursuant to an order of publication under section 443 of the Code of Civil Procedure, by a barrister at law of St. Johns, Newfoundland, was not authorized by the provisions of that section of the Code whch permits such service to be made by "an attorney and counselor at law duly qualified to practice in the state where such service is made." The defendant's attorney also claims that in *Kincaid* v. *Frog,* 49 Kan. 766, and in *First State Bank* v. *Lattimer,* 149 Pac. Repr. 1099, it has been held that a statute permitting service of a sum-

mons without the state by a sheriff, and not referring to deputy sheriffs, does not authorize a deputy sheriff to make service. My conclusion that subdivision 5 of section 443 in using the term "United States marshal" did not intend to embrace a deputy marshal is strengthened by the fact that where authority is given by the same subdivision for service by a sheriff, the words "under sheriff" and "deputy sheriff" are added. From this fact I think it is fair to infer that where the legislature intended to extend the authority conferred upon an official in this subdivision to a deputy or assistant the appropriate words are employed. The plaintiff claims that *Cohnfeld* v. *Bliss,* 174 App. Div. 434, is authority for service by a deputy United States marshal. I can find nothing in the opinion to support such contention. On the contrary, the court said: "Where the mode of service of process outside the State is prescribed by statute it must be strictly followed. Any other method, though it may seem just as good, will not answer." In the case just cited the court did not discuss and had no occasion to discuss the question whether service by a deputy United States marshal would be good under the subdivision referred to as it stands since the amendment of 1916, because at the time the service under consideration in that case was made the amendment referred to was not yet in effect. I am therefore of the opinion that so far as the motion seeks to vacate the service made by the United States deputy marshal it should be granted. The conclusion I have reached on the points above discussed renders it unnecessary to determine the future point debated in the briefs as to whether or not the defendant has appeared generally in the action by procuring the discharge of the attachment by giving an undertaking under the provisions of sections 687 and 688 of the

Code of Civil Procedure. The facts relating to the procuring of the discharge of the attachment are peculiar. The order procuring the discharge was granted on a motion of the attorney for the defendant "appearing specially solely for the purpose of obtaining this order." Subsequently a conversation was held between the attorneys on either side, the attorney for the plaintiffs claiming that they were entitled to a general appearance as a result of that order having been obtained and that they would move to resettle the order unless the defendant appeared generally. The defendant's attorney replied that the defendant had only appeared specially and had followed the usual practice in obtaining this order in question on a special appearance. Thereafter, instead of making a motion to resettle the order, the plaintiffs' attorney obtained an order for the service of the summons by publication or without the state. Under these circumstances, for the purposes of the present motion, I think I should confine myself to the questions arising upon and relative to the order for publication or for service outside the state which the defendant's attorney procured, and against which, and the service made under it, this motion is specifically directed. The motion is therefore granted to the extent indicated, but in other respects denied, without costs.

Ordered accordingly.