See note to this case in 27 N. W. Rep. 162.— REP.

---

BUECHEL and another, Respondents, vs. BUECHEL, Appellant.

*February 27 — March 16, 1886.*

*(1) Justices' courts: Jurisdiction. (2) Contracts: Consideration. (3) Appeal to S. C.: Bill of exceptions: Presumption in favor of truth of statement in charge.*

1. A justice of the peace has jurisdiction of an action to recover an amount less than $200, due according to the condition of a bond, although the penalty of the bond exceeds that sum and the performance of the condition thereof is secured by a mortgage of realty.

2. A bond showing on its face that it was given in consideration of the release of a previous valid agreement more burdensome than the bond, cannot be impeached for want of consideration.

3. Where the record does not contain the arguments of counsel or show the positions maintained by them on the trial, a statement of the trial judge in his charge to the jury that it was contended by the defendant that a disputed payment was made in a certain way, must be taken as true on appeal, although there was no evidence tending to show that such payment was made in that way.

APPEAL from the County Court of *Fond du Lac* County.

The complaint alleges that on April 13, 1881, the defendant entered into an agreement in writing whereby he prom-

ised to pay the plaintiffs $50 a year during their lives, payable November 1st, and to deliver to them, among other articles of personal property, one ton of hay and five bushels of oats in each year. Default in the cash payments of 1883 and 1884, and also in the delivery of the ton of hay and five bushels of oats due in 1884, is alleged in the complaint, and judgment therefor, with interest, is demanded.

The answer alleges that on the date first above named the defendant executed to the plaintiffs his bond for $500, containing conditions substantially the same as the agreement set out in the complaint, and that the performance of such conditions was secured by a duly recorded mortgage on real estate, executed by the defendant to the plaintiffs. It also contains a general denial of the averments of the complaint, except as therein admitted or traversed.

The action was brought before a justice of the peace, who rendered judgment therein for the plaintiffs. The defendant appealed to the county court, and in that court amended his answer by alleging therein that "the agreement set forth in the complaint was without consideration moving towards the defendant." The court overruled a motion to dismiss the case for want of jurisdiction in the justice of the peace to try and determine it. A trial in the county court resulted in a verdict and judgment for the plaintiffs for the amount of their claim. The court directed the jury to find for the plaintiffs, and submitted to them the question of damages alone. The case is further stated in the opinion. The defendant appeals from the judgment.

For the appellant there was a brief signed by *Gerpheide & McKenna*, and oral argument by *Mr. Gerpheide*.

For the respondents there was a brief by *Duffy & McCrory*, and oral argument by *Mr. Duffy*.

Lyon, J. 1. There can be no doubt of the jurisdiction of a justice of the peace over this case. It is for instalments

due on a bond, amounting to less than $200. This jurisdiction is conferred by subd. 3, sec. 3572, R. S. Such jurisdiction is not affected by the fact that the bond is for $500. The judgment goes only for the sum actually due on the bond, not for the penalty. R. S. sec. 2890. Neither is the jurisdiction of the justice affected by the further fact that the performance of the condition thereof is secured by a mortgage on real estate. The plaintiffs may maintain an action at law upon the bond, and in such an action the mortgage has no significance.

2. The original answer presented no issue. It substantially admitted the plaintiffs' cause of action by admitting the agreement set out in the complaint, and by failure to allege payment of any portion of the instalments sued for. But for the amendment to the answer, alleging want of consideration, the plaintiffs would have been entitled to judgment on the pleadings for at least the portions of the overdue instalments payable in cash. The question of a demand of the specific articles mentioned in the agreement — the hay and oats — was not raised on the trial or in the argument here, and the pleadings are silent on the subject. Due demand of these articles was, however, sufficiently proved on the trial, and that is enough. Hence the amendment to the answer raised the only issue properly triable on the pleadings, except, perhaps, as to the value of the hay and oats. That issue is, Was the agreement between the parties unsupported by a valid consideration?

The bond in suit shows upon its face that the consideration therefor was the release of another agreement entered into by the defendant three months earlier. That agreement was executed by the defendant and his brother to the plaintiffs, and is substantially like the condition of the bond in suit, except the annual cash payment was to be $100, instead of $50. The consideration for executing the first agreement is not questioned. It was under seal, and a valid

consideration therefor must be presumed. That considera-
tion was imported into the bond which the defendant gave
to take the place of the first agreement, and, beyond all
question, renders the bond unimpeachable for any alleged
want of consideration. It is not, therefore, of the slightest
importance that the defendant testified he received nothing
for the bond, or that the court ruled out testimony offered
to show admissions of one of the plaintiffs to the same effect.
The bond itself shows conclusively that the defendant did
receive something for his bond, to wit, a release of his
former agreement, more burdensome in its requirements
upon him than is the bond. Moreover, the defendant testi-
fied that when he executed the bond the plaintiffs conveyed
to him forty acres of land, and he says that such conveyance
" was the reason we made this bond and mortgage." This
statement of the defendant comes very near proving, if it
does not prove, a valid consideration for the bond, inde-
pendently of the release of the first agreement.

The learned county judge held that the proofs established
conclusively the validity of the bond. We think the ruling
was correct. In view of the fact that the defendant is the
son of the plaintiff *Anton Buechel*, the judge said that the
obligation of a son to support his father was a sufficient
consideration for the bond. Inasmuch as we sustain the
bond on other grounds, we need not determine whether this
is a sound legal proposition, but we should hesitate long
before disaffirming it.

3. On the pleadings, and the undisputed evidence of due
demand of the specific articles named in the bond, and of
the consideration upon which the bond was given, there
would have been no question of fact for the jury had not
the plaintiffs cross-examined the defendant as to payments
on the instalments in suit, and succeeded in eliciting testi-
mony that he had paid one of them. Of course, the plaint-
iffs thereby thrust another issue into the case — the issue of

payment — which otherwise would have had no place in it. The plaintiffs gave testimony tending to negative that of defendant as to such alleged payment. It was this testimony alone which made it necessary to send the case to the jury for an assessment of damages. The value of the hay and oats was proved on the trial by undisputed evidence. Error is assigned upon the following remark of the judge to the jury as to this disputed payment: " It is contended by the defendant that he has paid one of these $50 payments by paying a debt of plaintiff by his direction."

There was no testimony tending to show that the disputed payment was made in the manner stated in the remark. But the court did not tell the jury that there was any such testimony. He merely stated the contention of the defendant. The record does not contain the argument of counsel for the defendant, or otherwise show what positions he maintained on the trial. The statement of the judge must therefore be taken as true. *Pick v. Rubicon Hydraulic Co.* 27 Wis. 433; *West v. M., L. S. & W. R. Co.* 56 Wis. 318.

Numerous other exceptions were taken by defendant, on the trial, to the rulings of the county court on objections to testimony, on the instructions given the jury, and on refusals to give certain proposed instructions. It is believed that all of these exceptions are either rendered immaterial or are necessarily overruled by the views above expressed. It would be a waste of time and space to discuss them separately.

*By the Court.*— The judgment of the county court is affirmed.