J. W. HAIL ET AL. v. T. B. TUNSTALL.

Decided November 23, 1899.

1. **Justice Court—Jurisdiction—Amount.**

Where, in an action commenced in the Justice Court, a replevy bond was in part sued on and was attached as an exhibit, showing the value of the property levied on to be $110, this was sufficient to show a right of appeal to the County Court and to the Court of Civil Appeals.

2. **Same—Replevy Bond.**

An action for the value of property taken under a replevy bond was properly brought in the justice court where, though the bond was in the sum of $220, such value and amount claimed was $110.

3. **Replevy Bond—Action Dismissed.**

A replevy bond given by the defendant in a distress proceeding which is afterwards dismissed by the plaintiff, thereupon becomes functus officio, and plaintiff can not maintain an action thereon.

APPEAL from the County Court of Houston.  Tried below before Hon. E. WINFREE.

*Crook & Crook* and *Moore & Newman,* for appellants.

*Moore & Kline,* for appellee.

GARRETT, CHIEF JUSTICE.—On September 23, 1898, the appellee, T. B. Tunstall, brought suit in the Justice Court, precinct 6, Houston County, against Demps Moton for the sum of $200 as rent and supplies for the year 1898, and sued out a distress warrant, which was levied upon property valued at $110.50 by the constable in his return upon the writ.  The property was replevied by Moton, with J. W. Hail and A. H. Wooters as sureties upon the replevy bond.  On the trial of the cause it was abated and dismissed upon the plea of Moton to the venue. Afterwards the appellee brought suit in the Justice Court of precinct No. 1 against Moton and the appellants as sureties upon replevy bond in the former suit for the sum of $13.50 for supplies and the value of one-third of the corn and one-fourth of the cotton grown by the said Moton during the year 1898, setting up in his statement of the cause of action the former levy and execution of the replevy bond by Hail and Wooters and the dismissal of the suit.  The bond was for the sum of $221.  It was attached to the statement filed with the justice of the peace as an exhibit, and recited that the value of the property seized was valued at $110.50:

Moton suffered judgment by default in both the justice and county courts.  The defendants, Hail and Wooters, excepted to the sufficiency of the petition to show a cause of action against them, and also pleaded in bar that the bond sued on had been executed in a suit that had been dismissed and determined, and was functus officio, and the plaintiff could not recover thereon against them.  Upon the trial in the Justice

Court judgment was rendered in their favor, but on appeal by the plaintiff to the County Court judgment was rendered against Hail and Wooters as well as Moton for the value of the rent and supplies, amounting to the sum of $74.87.

Appellants objected to the jurisdiction of the County Court on appeal from the Justice Court, that the statement of the appellee's cause of action did not show that the amount in controversy was sufficient to give the County Court jurisdiction of the appeal, because no value of the crops was alleged which, added to the $13.50 for supplies, would amount to $20. The statement had the bond attached to it as a part thereof, which recited that the value of the crops was $110.50, which would show an amount within the jurisdiction of the Justice Court and sufficient to give the right of appeal both to the county and from that court to this court.

It is also sugggested that the suit was against the appellants upon their bond, which is for the sum of $221, an amount of which the Justice Court did not have jurisdiction, and that consequently the judgment of both the courts below are void, and that this court should set them aside and dismiss the suit. While the suit is upon the bond only, a liability thereon is claimed to the extent of the value of the property, which was stated to be $110.50, an amount within the jurisdiction of the court. The value of the property sued for should fix the jurisdiction.

But the appellants were not liable upon the bond. It was functus officio, and fell with the suit in which it was executed. The distress proceeding in which it had been given having failed, the suit having been dismissed, there could be no recovery upon the bond as a common law obligation. Mitchell v. Bloom, 91 Texas, 634. The judgment of the court below against the appellants will be reversed and judgment will be here rendered dismissing the suit against them, but as to the defendant Moton it will not be disturbed.

*Reversed and rendered.*