## MAGEE v. CAVINS.   (No. 1224.)

(Court of Civil Appeals of Texas.   Amarillo.
Oct. 17, 1917.)

1. APPEAL AND ERROR ⚍1136—DISPOSITION OF CAUSE—AFFIRMANCE—FINDINGS CORRECT IN PART.

In an action for injuries to a person struck by an automobile, the jury answered in the affirmative special issues numbered 6, 7 and 8 as to whether (6) it was negligence for plaintiff to be at the place where he was while defendant was approaching, with his hand to his face, shading his eyes and observing a railroad train, or with his back turned upon the approaching defendant and his eyes fixed on the train, or to fail, if he did fail, to look or listen for approaching vehicles, or to step suddenly and unexpectedly, if he did so, into the road in front of the automobile without looking or listening, and (7) whether, if it was negligence to be at such place with his hands shading his eyes, etc., this was the proximate cause of his injury, and (8) whether, if defendant and plaintiff were both negligent, plaintiff's negligence concurred with that of defendant, so that such concurring negligence became the proximate cause of the injury. Held that, where plaintiff in his brief assailed only the answer to the seventh issue, the judgment for defendant would be affirmed, as it was fully sustained by the jury's findings in reply to the sixth and eighth issues.

2. APPEAL AND ERROR ⚍1078(1)—WAIVER OF ERRORS—FAILURE TO URGE.

Though errors are assigned in the motion for a new trial in the court below, they will be considered as waived, unless briefed and urged in the appellate court.

3. APPEAL AND ERROR ⚍1136—DISPOSITION OF CAUSE—AFFIRMANCE—FINDINGS CORRECT IN PART.

Where, in an action for injuries to a person struck by an automobile, the court submitted an issue as to whether plaintiff was negligent in being at the place where he was with his hands to his face, shading his eyes and observing a railroad train, or with his back turned upon the approaching defendant and his attention fixed on the train, or in failing to look or listen for approaching vehicles, or in stepping suddenly and unexpectedly into the road in front of the automobile, without looking or listening for approaching vehicles, and whether such acts constituted negligence, which, concurring with that of defendant, was the proximate cause of the injury, and the jury answered in the affirmative, a judgment for defendant will be sustained, if the evidence shows that plaintiff was guilty of either of the separate acts of alleged negligence set out in the interrogatory.

4. HIGHWAYS ⚍184(2)—INJURIES ON HIGHWAYS—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a person struck by an automobile, evidence held sufficient to sustain a finding that plaintiff stepped suddenly and unexpectedly into the road in front of the automobile, without looking or listening for approaching vehicles.

5. HIGHWAYS ⚍183 — INJURIES ON HIGHWAYS—DISCOVERED PERIL.

The doctrine of discovered peril had no application to injuries to a person struck by an automobile, where it appeared that the driver of the automobile did not see the injured person until within two feet of him, as such doctrine does not apply unless the peril of the injured party was actually discovered in time to avoid the injury.

6. TRIAL ⚍191(7), 194(16)—INSTRUCTIONS— WEIGHT OF EVIDENCE — ASSUMPTION OF FACTS.

In an action for injuries to a person struck by an automobile, a refused instruction that a pedestrian had a right to go upon any part of a public highway, exercising ordinary care for his own safety, and might assume that, while he occupied a given place in the street, the drivers of automobiles would not negligently injure him, was on the weight of the evidence, and assumed that plaintiff was exercising ordinary care, and that defendant was negligent.

Appeal from District Court, Armstrong County; Hugh L. Umphres, Judge.

Action by T. S. Magee against T. S. Cavins. From a judgment for defendant, plaintiff appeals. Affirmed.

J. S. Stallings, of Claude, and Reeder & Reeder, of Amarillo, for appellant. Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

HALL, J. This action was brought by appellant, Magee, against appellee, Cavins, to recover damages for injuries alleged to have resulted to appellant by reason of appellee striking appellant with his automobile. Appellant alleged negligence. Appellee answered, denying that he was negligent, and alleged that appellant was guilty of contributory negligence. The case was tried before a jury, and the special issues submitted to the jury and answers returned thereto are as follows:

"No. 3. Did defendant, at a time and place as alleged in plaintiff's petition, drive an automobile to and towards plaintiff without watching out to observe plaintiff? Yes."

"No. 4. If defendant, at a time and place as alleged in plaintiff's petition, did drive an automobile to and toward plaintiff without watching out to observe him, was it negligence so to do? Yes."

"No. 5. If defendant, at a time and place as alleged in plaintiff's petition, did drive an automobile to and toward plaintiff without watching out to observe him, was the same the proximate cause of plaintiff's injury? Yes."

"No. 5½. Did plaintiff, at a time and place as alleged in defendant's answer, fail to look or listen for approaching vehicles, or step suddenly and unexpectedly into the road in front of defendant's moving automobile, without looking or listening for approaching vehicles? Yes."

"No. 6. Was it negligence for plaintiff to be at the place where he was while defendant was approaching with his hand to his face, shading his eyes and observing an incoming passenger train, or with his back turned upon the approaching defendant and his eyes fixed upon the passenger train, or to fail, if plaintiff did fail, to look or listen for approaching vehicles, or to step suddenly and unexpectedly, if he did so, into the road in front of defendant's moving automobile, without looking or listening for approaching vehicles? Yes."

"No. 7. If it was negligence of plaintiff to be at the place where he was when defendant was approaching, with his hand to his face, shading his eyes and observing the incoming train, or with his back turned upon the approaching defendant and his attention fixed upon the passenger train, or to fail, if plaintiff did fail, to look or listen for approaching vehicles, or to step suddenly and unexpectedly, if he did so, into the road in front of defendant's moving automobile, without looking or listening for approaching ve-

hicles, was same the proximate cause of his injury? Yes."

"No. 8. If defendant, at a time and place as alleged in plaintiff's petition, did drive an automobile to and toward plaintiff without watching out to observe him, and if same was negligence, and if it was negligence of plaintiff to be at the place where he was while defendant was approaching with his hands to his face, shading his eyes and observing an incoming passenger train, or with his back turned upon the approaching defendant and his attention fixed upon the passenger train, or to fail, if plaintiff did fail, to look or listen for approaching vehicles, or to step suddenly and unexpectedly, if he did so, into the road in front of defendant's moving automobile, without looking or listening for approaching vehicles, did such negligence, if any, of plaintiff, concur with such negligence, if any, of defendant, so that such concurring negligence, if any, of plaintiff and defendant, became the proximate cause of plaintiff's injury? Yes."

"No. 9. If the proximate cause of plaintiff's injury was the negligence, if any, of defendant, as those questions of negligence and proximate cause are submitted for your determination in special issues Nos. 3 and 4, then what sum of money, if paid at the present time, would compensate plaintiff for such injury? No damages allowed."

The first assignment of error is:

"The finding of the jury, in answer to special issue No. 7, that plaintiff's being at the place where he was when defendant was approaching, and with his hand to his face, shading his eyes and observing an incoming passenger train, or with his back turned upon the approaching defendant and his attention fixed upon the passenger train, or plaintiff's failure to look or listen for approaching vehicles, or plaintiff's stepping suddenly and unexpectedly into the road in front of defendant's moving automobile, without looking or listening for approaching vehicles, was the proximate cause of plaintiff's injury, is not supported by the evidence, for the reasons: (a) The proof clearly and affirmatively shows, and the jury found, that defendant, at a time and place alleged in plaintiff's petition, drove an automobile to and toward plaintiff without watching out to observe plaintiff; (b) the proof clearly and affirmatively shows that defendant was driving his car at a speed of not exceeding ten miles per hour, and that his brakes were in good condition and working well, and that defendant failed and did not look out for plaintiff, or give plaintiff any notice or signal of his approaching automobile; (c) the proof clearly and affirmatively shows that, but for the negligent acts of the defendant, the accident would not have happened, in that, had defendant watched out and observed plaintiff in the street, he could have avoided the accident by (1) stopping his car; (2) driving around plaintiff; (3) warning plaintiff by proper signal of the approach of his automobile; (d) the proof wholly fails to show that any act of the plaintiff was the primary, original, continuous, moving cause of the accident and his injury."

The proposition is urged under this assignment that if defendant, by the exercise of ordinary care, could and would have observed plaintiff standing in the street, and could have avoided injuring plaintiff, defendant's failure to do so was negligence, and was the sole proximate cause of plaintiff's injury.

[1-5] Appellee insists that because appellant objects to the seventh special interrogatory and the answer thereto, and does not object to any of the other special issues, with the findings of the jury thereon, if the an-

swers to other issues not assailed in appellant's brief will support the judgment, it should be affirmed. This position is well taken. Under article 1971, Revised Statutes, all objections to the charge, not presented in the trial court, are considered waived, and the fundamental rule of practice in this court is that, even though errors are assigned in the motion for new trial in the court below, unless they are briefed and urged in this court, we must consider them waived. Scott v. F. & M. National Bank, 66 S. W. 493, 494. The judgment in favor of appellee is fully sustained by the findings of the jury in reply to special issues 6 and 8. Notwithstanding the rule, we have reviewed the evidence as set out in the brief of the parties, and in our opinion the question presented by the first assignment is simply one of the sufficiency of the evidence to support the verdict. The court asked the jury, in the eighth special issue, if the plaintiff was guilty of negligence in (1) being at the place where he was with his hands to his face, shading his eyes and observing an incoming passenger train; (2) or with his back turned upon the approaching defendant and his attention fixed upon the passenger train; or (3) in failing to look or listen for approaching vehicles; or (4) in stepping suddenly and unexpectedly into the road in front of defendant's automobile without looking or listening for approaching vehicles; and (5) if any such acts constituted negligence which concurred with the negligence, if any, of plaintiff, was the proximate cause of plaintiff's injury.

The jury having answered "yes," we must sustain the judgment, if the evidence tends to show that plaintiff was guilty of either of the separate acts of alleged negligence set out in the interrogatory as framed by the court. Several witnesses testified that just prior to the accident they saw plaintiff standing in the street north of where the railroad track crossed it and west of the traveled portion of the street; that after the accident plaintiff was found lying in the traveled portion of the street, where he had been struck by the right fender of defendant's car. If we should hold as a matter of law, as contended by appellant, that plaintiff was not guilty of negligence in walking or standing in the street, we would not be justified in reversing the judgment, for the reason that the jury found that plaintiff stepped suddenly and unexpectedly into the road in front of defendant's automobile, without looking or listening for approaching vehicles, and the evidence above recited is sufficient to sustain the finding. The uncontroverted testimony of defendant and his wife is that they did not see the plaintiff until the car was within two feet of him. This evidence further supports the finding of the jury to the effect that plaintiff suddenly stepped in front of the car. The evidence is voluminous, and there are other material issues upon which it is conflicting.

We will not incumber the record by detailing it here.

We are urged in oral argument, as well as in appellant's brief, to reverse the case by applying the doctrine of discovered peril. Under the Texas authorities, this doctrine has no application, where it is shown that the peril of the injured party was not actually discovered in time to enable the defendant to avoid the injury. It seems that this issue was not urged in the trial court, and in view of the uncontroverted testimony of defendant and his wife that they did not see appellant until their car was within two feet of him, it could not have been sustained, if urged.

[6] Under the second assignment, complaint is made because the court refused the following instruction to the jury:

"You are instructed that a pedestrian has the right to go upon any part of the public highway, exercising ordinary care for his own safety, and may assume that, while he occupies a given place in the street, the drivers of automobiles will not negligently injure him."

This instruction is upon the weight of the evidence, and assumes that plaintiff was exercising ordinary care, and that defendant was guilty of negligence. Therefore the court did not err in refusing the instruction.

We find no reversible error, and, since the judgment is fully supported by the findings, which are not assailed, it is our duty to sustain it, if it can be done upon any reasonable theory presented by the evidence.

The judgment is affirmed.