## LATIMER et al. v. AMMONS.   (No. 865.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1922. Rehearing Denied Dec. 20, 1922.)

1. **Appeal and error** ⚖══773(4) — **Appellants abandoned appeal by failure to file briefs.**

Appellants, by failure to file briefs, abandoned appeal, and, where no fundamental errors appear on the face of the record, the judgment will be affirmed, on appellee filing brief and asking affirmance.

2. **Appeal and error** ⚖══1078(6)—**Errors assigned in motion for new trial not considered on appeal, unless briefed and urged in appellate court.**

Errors assigned in motion for new trial in the court below will be considered as waived on appeal, unless briefed and urged in the appellate court.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Suit by Vernon Ammons against J. M. McCuistian, Belton Latimer, E. D. Downs, as administrator of the estate of H. F. Bland, and the American Surety Company. Judgment for plaintiff, and certain defendants appeal. Affirmed.

S. M. Adams and S. W. Blount, both of Nacogdoches, for appellants.

Russell & Seale, of Nacogdoches, for appellee.

O'QUINN, J. In November, 1920, H. F. Bland entered into a contract with Nacogdoches county, Tex., to build a portion of the public highway known as the Nacogdoches-Garrison Highway, in said county, and in compliance with his contract with said county executed and delivered to said county a bond in the sum of $46,500, conditioned as required by article 6394f, Vernon's Sayles' Civil Statutes, with the American Surety Company of New York as surety. Bland then entered into a contract with Belton Latimer, by the terms of which a portion of the road work undertaken by him was sublet to Latimer. Latimer sublet a portion of the work to be done by him to J. M. McCuistian, who employed Vernon Ammons, appellee, to perform certain labor with his team on said highway. Pending the construction of said road, Bland died, and E. D. Downs was appointed and qualified as administrator of said Bland's estate. During the months of February and March, 1921, Ammons, appellee, personally and with his team performed labor on said highway, amounting to $221.25. McCuistian abandoned his contract, and did not pay Ammons the amount due him, for which he brings this suit against McCuistian, Latimer, Downs, executor of the estate of Bland, and the American Surety Company.

The defendant McCuistian made no appearance. The other defendants answered by plea in abatement, special exception, general denial, and some special pleas. The plea in abatement was overruled by the court, and the case went to trial before a jury, who, under instructions of the court, found for appellee against all of the defendants. From a judgment for appellee, the defendants Latimer, Downs, and American Surety Company of New York have appealed.

[1, 2] The case is before us for review upon the record and brief for appellee. There is no brief on file for either of appellants. They are in the attitude of having abandoned their appeal by their failure to file briefs in this court. Walker v. Lands (Tex. Civ. App.) 156 S. W. 1132. Where appellants have filed no brief, the court is not required to

search the record for errors assigned in appellants' motion for new trial. City of Orange v. Plant (Tex. Civ. App) 208 S. W. 238. Errors assigned in the motion for a new trial in the court below will be considered as waived, unless briefed and urged in the appellate court. Magee v. Cavins (Tex. Civ. App.) 197 S. W. 1015. Where appellant has filed no brief, and appellee has filed brief, asking for an affirmance of the judgment, no fundamental error appearing, the judgment should be affirmed. Robinson v. Hill (Tex. Civ. App.) 193 S. W. 1082; Skinner v. Spencer (Tex. Civ. App.) 229 S. W. 347.

No fundamental error appearing on the face of the record, the judgment is affirmed.