### FOUST v. BIBB et al.   (No. 42.) *

(Court of Civil Appeals of Texas. Waco. Jan. 17, 1924. Rehearing Denied Feb. 21, 1924.)

**1. Appeal and error ⬤⟲916(1)—Court cannot assume that defendant filing plea to jurisdiction more than year after original appearance day filed proper plea at time of filing original answer.**

Where a plea in abatement to the jurisdiction, not purporting to be an amendment of any prior pleading, was filed nearly 13 months after the original appearance day, the appellate court cannot assume that defendant filed a proper plea in abatement at the time of filing its original answer, but, in the absence of anything in the transcript showing any prior attack on the court's jurisdiction, must consider such attack as made for the first time by such plea.

**2. Highways ⬤⟲113(5)—Subcontractors, workmen, etc., may sue on bond payable to them without strictly complying with requirements of statute under which given.**

While Act April 2, 1913 (Acts 1913, c. 99 [Complete Tex. St. 1920, art. 6394f et seq.; Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f et seq.]), which, like Act Cong. Feb. 24, 1905 (U. S. Comp. St. § 6923), does not provide to whom the public contractor's bond required thereby shall be made payable, but authorizes suit thereon by unpaid laborers or supply creditors for their use and benefit, will be considered as incorporated in a bond given thereunder, it does not prohibit incorporation of stipulations making the bond payable to subcontractors, workmen, etc., as their interests appear, and authorizing them to sue thereon, in which case their right of action is not solely the creature of the statute, and the proceedings prescribed thereby need not be strictly pursued.

**3. Highways ⬤⟲113(5) — Statute authorizing suits on contractor's bond by creditors does not determine venue or confer jurisdiction of subject-matter irrespective of amount involved.**

Act April 2, 1913 (Acts 1913, c. 99 [Complete Tex. St. 1920, art. 6394f et seq.; Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f et seq.]), unlike Act Cong. Feb. 24, 1905 (U. S. Comp. St. § 6923), does not confer jurisdiction of suits on public contractors' bonds by unpaid creditors of the contractor, either by prescribing the court in which they shall be brought or enlarging the jurisdiction of that in which actually brought to embrace all such claims, irrespective of the amount in controversy, but leaves the venue for determination by the General law, fixing it in the county wherein any defendant resides, and jurisdiction of the subject-matter to constitutional provisions dividing such jurisdiction over money demands among the justice, county, and district courts according to the amount in controversy.

**4. Courts ⬤⟲169(7)—Amount demanded by plaintiff in suit on bond is "amount in controversy" within constitutional provisions as to jurisdiction.**

In suits on bonds, the amount demanded by plaintiff, not the penalty named in the bond, is the "amount in controversy" within constitutional provisions as to jurisdiction over money demands.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

**5. Courts ⬤⟲169(1)—Amount of claim not in "controversy" until actually asserted or put in issue in suit.**

Until a claim is actually asserted or put in issue in a particular suit, no part of the amount thereof is actually in controversy, within constitutional provisions conferring jurisdiction according to the amount in controversy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Controversy.]

**6. Highways ⬤⟲113(5)—Jurisdiction of supply creditor's action on contractor's bond held in county court.**

Under Const. art. 5, § 16, jurisdiction of the subject-matter of an unpaid laborer's or supply creditor's suit, on a public road contractor's bond given under Complete Tex. St. 1920, art. 6394h (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394h), authorizing intervention by other creditors, is in the county court, where the petition, alleging defendants' indebtedness to plaintiff in an amount within that court's jurisdiction, does not disclose on its face the existence of other creditors' claims, increasing the sum owing to an amount in excess of such jurisdiction.

**7. Abatement and revival ⬤⟲3 — Jurisdiction cannot be attacked except by plea in abatement, where jurisdiction of cause of action appears on face of petition.**

Where a petition shows on its face a cause of action within the jurisdiction of the court in which the suit is instituted, the issue of jurisdiction cannot be presented except by a plea in abatement.

**8. Highways ⬤⟲113(5)—Materialman's failure to furnish affidavit that materials were supplied, etc., does not go to jurisdiction of subject-matter of suit on contractor's bond.**

Failure of a materialman, suing on a public road contractor's bond, to allege that he furnished the county letting the contract, and taking the bond, an affidavit that material had been supplied by him and had not been paid for, and that he had not been furnished a certified copy of the bond, does not go to the court's jurisdiction of the subject-matter.

**9. Highways ⬤⟲113(5)—Requirement that only one suit be brought on road contractor's bond may be waived by surety.**

The requirement of Complete Tex. St. 1920, art. 6394h (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394h), that only one suit be brought on a public road contractor's bond may be waived by the surety, for whose benefit and protection it is primarily prescribed.

**10. Abatement and revival ⬤⟲17 — Right to urge pendency of another suit in abatement of suit on contractor's bond held waived by surety.**

By failing to urge the requirement of Complete Tex. St. 1920, art. 6394h (Vernon's

Sayles' Ann. Civ. St. 1914, art. 6394h), that only one suit be brought on a public road contractor's bond, by timely plea filed on or before the filing of an answer to the merits in a suit thereon and presented for hearing and determination during the term at which filed, as required by Rev. St. arts. 1902, 1910, the surety waived its right to urge the pendency of another suit thereon in abatement.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by C. G. Foust against W. S. Bibb, Jr., and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

S. J. T. Smith, of Waco, for appellant.

O. L. Stribling and F. M. Fitzpatrick, both of Waco, for appellees.

GALLAGHER, C. J. Appellant's statement of the nature and result of the suit is as follows:

"This suit was instituted by appellant in the county court of McLennan county, Texas, on April 13, 1922, on an itemized verified account, appellant alleging that he was in the lumber and building material business in Hill county, Texas, and that the defendants W. S. Bibb, Jr., and Joe D. Hughes, were building contractors, and had, on or about September 4, 1920, entered into a contract with Hill county, Texas, to construct certain roads in and for said county, and that the appellee American Surety Company of New York was surety on the contract bond of the said Bibb & Hughes. That appellant furnished material to said contractors which was used in the construction of said roads, and that there was a balance of $685.21 due appellant for said material so furnished, besides $100.00 as attorney's fees and interest, all aggregating $836.02, and that defendants were jointly indebted to him in said amount.

"Defendants Bibb and Hughes, on April 24, 1922, answered in said cause by general demurrer and general denial; but when this cause was called for trial on May 25, 1923, on motion of plaintiff, they were each dismissed from said cause on account of each having been duly adjudged bankrupts, without assets, during the pendency of said suit, and this appeal is prosecuted as against the American Surety Company of New York, as sole appellee.

"The appellee American Surety Company of New York answered by general demurrer and general denial to the May term, 1922, of said court, and on May 25, 1923, filed its second amended original answer, and on the same day filed its plea in abatement or plea to the jurisdiction, together with an accompanying exhibit consisting of a certified copy of plaintiff's original petition in cause No. 11653 in the district court of Hill county, Texas, which was filed in said court during the November-December term of said court, and is also a suit against the said Bibb & Hughes and this appellee for labor and material furnished in the construction of said Hill county public roads.

"This appellant on September 14, 1922, filed in said [this] cause the published notice of the pendency of said [this] suit, as presumably required by article 6394j of the Revised Statutes of Texas.

"On May 25, 1923, the court in all things sustained appellee's plea to the jurisdiction and dismissed said cause from the docket of said court at appellant's cost.

"This appellant in due season filed his amended motion for a new trial, which motion was on June 22, 1923, in all things overruled by the court, to which action of the court in overruling said motion this appellant in open court duly excepted and gave notice of appeal, filed his appeal bond and assignments of error, within the time and in the manner provided by law, and this cause is not properly before this honorable court for its consideration and revision."

This statement is accepted in part and qualified in part by appellee, as follows:

"The statement of the nature and result of the suit as set forth in appellant's brief is substantially correct, except that the transcript in this cause does not show that the defendant American Surety Company filed its pleadings out of the due order of pleading, as indicated by appellant's brief."

Neither the original answer of the appellee nor its first amended answer is contained in the transcript. Its second amended answer consists of general demurrer, special exceptions, general denial and special pleas in bar, and closes with a prayer that appellant take nothing by his suit and that appellee go hence without day and recover its costs, and for judgment over against Bibb & Hughes for any amount appellant might recover against it.

[1] Appellee's plea in abatement to the jurisdiction of the court does not purport to be an amendment of any prior pleading, but is apparently an original plea. It was filed nearly 13 months after the original appearance day in this suit. In such condition of the record we do not feel justified in assuming that appellee filed a proper plea in abatement at the time it filed its original answer in this case, and that such plea was with the consent of the parties' continued from term to term without prejudice for a space of a year, or that the business of the court did not permit a hearing thereon and the determination thereof during that space of time. It appearing affirmatively that this plea was filed on May 25, 1923, and, there being nothing in the transcript showing any prior attack on the jurisdiction of the court, we must consider such attack as made for the first time by such plea.

The court heard the plea in abatement to its jurisdiction on the day the same was filed, and sustained the same and entered judgment abating and dismissing appellant's suit, from which judgment this appeal is prosecuted.

Appellant submits appropriate propositions in which he contends that the county court of McLennan county had, under the consti-

tution of this state, original jurisdiction on the cause of action asserted by him in this suit and jurisdiction of the same under our venue statutes at the time the same was filed, and that such jurisdiction was not and could not be divested by the provisions of article 6394h of the Complete Texas Statutes of 1920 (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394h), directing that in case of suit by a creditor or creditors on a bond given by a contractor, under said statute, only one suit shall be brought, and that all creditors subsequently asserting a claim on such bond may intervene in such original suit, and that such jurisdiction could not be defeated by the subsequent action of any other creditor under and by virtue of such provision, and, further, that appellee could not attack the jurisdiction of the court by a plea filed and presented for the first time more than a year after it had appeared and answered in this case.

Appellant in his original petition asserted a cause of action for a moneyed demand in an amount within the constitutional jurisdiction of the county court, and alleged facts showing venue thereof in McLennan county. He alleged the execution of the bond sued on, and attached a copy thereof to his petition. The obligatory clause of said bond is as follows:

"That we, Bibb & Hughes, of the county of McLennan, and state of Texas, as principal, and the American Surety Company of New York, authorized under the laws of the state of Texas to act as surety on bonds for principals, are held and firmly bound unto the county of Hill, state of Texas, and to the subcontractors, workmen, laborers, mechanics, and furnishers of material, as their interest may appear, all of whom shall have the right to sue upon this bond, in the penal sum of one hundred eighty-six thousand dollars ($186,000.00) lawful currency of the United States of America, for the payment of which, well and truly to be made, we do hereby bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents."

He further alleged that the material embraced in the account sued on was sold and furnished defendants Bibb & Hughes for the construction of the road improvements referred to in said bond, that the same was sold on the faith thereof, and that he had notified the defendant surety company that such account was unpaid. He prayed for judgment against the defendants, jointly and severally. There was nothing on the face of appellant's petition showing or tending to show the existence of any other unpaid claims against Bibb & Hughes. In a supplemental petition filed December 8, 1922, appellant alleged that defendants Bibb & Hughes had abandoned their said contract with Hill county on or about May 1, 1921, and that his suit was brought within the time authorized and provided for the filing of suits by creditors under said statute.

Appellee's plea to the jurisdiction of the court urged as grounds for abating the action the following: (a) That appellant had not alleged that he furnished Hill county, the municipality letting said contract and taking said bond, an affidavit that material for the prosecution of the work contemplated by such contract had been supplied by him and that he had not been paid therefor, and that appellant had not been furnished a certified copy of said bond upon which he based his suit; (b) that appellant's suit was brought under article 6394h of the Complete Texas Statutes of 1920 and that there was, at the time of the filing of said plea pending in the district court of Hill county a certain cause in which Herman Brown et al. were plaintiffs and Bibb & Hughes and appellee were defendants, in which said suit plaintiffs were seeking a recovery against appellee for the sum of $3,155.37 on the bond sued on herein, and that since the filing of that suit other creditors had intervened, increasing the aggregate amount claimed by the plaintiffs and interveners therein to or exceeding the sum of $5,000, an amount in excess of the jurisdiction of the county court, so that said creditors could not intervene in this suit as provided by said article; (c) that appellant had not given notice of the pendency of this suit as required by article 6394j (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394j) of such statutes; (d) that the contract to secure the performance of which said bond was given had never been performed and final settlement made thereunder, and that same had never been abandoned.

Appellee made no allegation of the existence of any other or further claims against it on account of said bond. Appellee made no contention that the aggregate amount of claims on said bond exceeded the stipulated penalty therein. Appellee attached as an exhibit to said plea a certified copy of the petition in the suit referred to therein, which showed that said suit was brought to the November term, 1922, of the district court of Hill county. The date of filing such suit was neither alleged nor shown by said exhibit. There is no statement of facts in the record.

[2] Both appellant and appellee concede that the bond sued on was executed and delivered by the makers and accepted by Hill county under and by virtue of the provisions and requirements of the Act of April 2, 1913 (Gen. Laws of Texas 1913, p. 185; Complete Texas Statutes 1920, art. 6394f et seq.; Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f et seq.). Said act, except in some particular matters hereinafter referred to, is substantially the same as the Act of Congress of February 24, 1905, 33 Stat. 811 (U. S. Comp. St. § 6923). The federal act does

not provide to whom the bond required thereby shall be made payable; but since it is provided that the bond may be first sued on by the United States, and, if not so sued on within six months, then in the name of the United States by any creditor of the contractor who has furnished labor or materials' for the prosecution of the work for which he has not been paid, for his own use and benefit for the amount due him, and that he may prosecute such suit to judgment and execution, and since said act further provides that such suit shall be brought in the federal court, apparently on the ground that the United States is a party thereto, we, conclude that said act contemplates that the United States should be the sole obligee in all such bonds. Such seems to have been the interpretation placed upon the act by the parties in the following cases: Equitable Surety Co. v. U. S., etc., 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394; U. S., etc., v. Wells (D. C.) 203 Fed. 146; Baker Contract Co. v. U. S., etc., 204 Fed. 390, 122 C. C. A. 560; Merchants' Nat. Bank v. U. S., etc., 214 Fed. 200, 130 C. C. A. 548.

The act of the Legislature of this state here under consideration, like the federal act, does not provide to whom the bond required thereby shall be made payable, and it authorizes suit on such bond by the unpaid laborer or supply creditor in his own name. In the following adjudicated cases under said act, it either appears affirmatively or by necessary inference that the municipality was sole obligee in the bond sued on therein. Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 216 S. W. 621, 622; Lion Bonding & Surety Co. v. Trussed Concrete Steel Co. (Tex. Civ. App.) 204 S. W. 1176, same case, Trinity Portland Cement Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483; U. S. Fidelity & Guaranty Co. v. Henderson County (Tex. Civ. App.) 253 S. W. 835, 838; Howard v. Barthold & Casey (Tex. Civ. App.) 206 S. W. 378; Latimer v. Ammons (Tex. Civ. App.) 245 S. W. 759. Of course, all the above bonds, both federal and state, by proper recitals or conditions contained therein, provided that the obligor should pay all persons providing labor or material for the prosecution of such work; but none of them were in terms payable to such persons, nor did any of them in terms authorize suit by such persons thereon.

Prior to the passage of the act under consideration it had been held in this state that a bond given by a contractor to idemnify the owner against loss by reason of such contractor's default could not be sued on by laborers and materialmen, notwithstanding it was conditioned to faithfully pay all laborers, mechanics, materialmen, and supply contractors all just debts due to such persons. National Bank v. G., C. & S. F. Ry. Co., 95 Tex. 176, 181, 184, 66 S. W. 203; Gar-

rett v. Lumber Co. (Tex. Civ. App.) 163 S. W. 320; Campbell-Root Lumber Co. v. Smith (Tex. Civ. App.) 148 S. W. 1195.

The Supreme Court of the United States, in the case of a bond under the federal act, payable to the United States alone, held that the right of action thereon given to those having claims against the contractor was a creature of said act, and that the proceedings prescribed by the act giving such right must be strictly pursued. Miller v. American Bonding Co., 257 U. S. 304, 42 Sup. Ct. 98, 66 L. Ed. 250.

Prior to the act of the Legislature under consideration, it had been consistently held by our courts that where a contractor's bond was in terms payable to the laborers, materialmen, and subcontractors, or where such bond by its terms declared that the same should inure to their benefit and might be sued on by them, a right of action thereon was created by the terms of the bond itself. Texas Glass & Paint Co. v. Crowdus, 108 Tex. 346, 193 S. W. 1072; Bullard v. Norton, 107 Tex. 571, 182 S. W. 668; Republic Guaranty Co. v. Cameron & Co. (Tex. Civ. App.) 143 S. W. 317.

It is true, the bond sued on herein having been given under the provisions and requirements of the statute, such provisions will be considered as read into and incorporated therein. Trinity Portland Cement Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483. Such statute does not, however, prohibit the parties to such bonds from entering into other and further contractual stipulations and incorporating them into such bonds. Howard v. Barthold & Casey (Tex. Civ. App.) 206 S. W. 378. There is no contention on the part of appellee that the provisions of the bond sued on, making the same in terms payable to subcontractors, workmen, laborers, mechanics, and furnishers of material as their interests may appear, and providing that such persons shall have the right to sue thereon, was in any, way the result of coercion or duress. In view of such provisions, we do not think it can be properly held that appellant's right of action on such bond is solely the creature of the statute.

Both the federal and state statutes provide in substance that, where suit is instituted on the bond by a creditor or creditors of the contractor, such suit must be commenced within one year, and not later, and that in such cases only one suit shall be brought, and that other creditors may intervene and assert their respective claims therein.

[3] The most material difference between the federal and state statutes under consideration is in their respective provisions with reference to the bringing of suits on such bonds by unpaid creditors of the contractor. Such provisions are here set out in parallel columns. We have italicized that part of the federal statute, as the same appears in

the left-hand column, which is entirely omitted from the state statute, appearing in the right-hand column.

| "If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, *and shall be, and are hereby, authorized to bring suit in the name of the United States in the circuit court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere,* for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution." | "If no suit should be brought by the state or municipality within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the state or municipality that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action for his or their use and benefit, against said contractor and his surety, and to prosecute the same to final judgment and execution." |
|---|---|

It will be noted that the provisions so contained in the federal statute and omitted from the state statute are not only in harmony with the further provision that only one suit shall be brought by such creditors and that all creditors not joining in the original suit, if they desire to assert their claims, must do so by intervention therein, but so far as the federal courts are concerned, furnish the real predicate for such further provision. First, the suit is to be brought in the name of the United States. It has been held that the United States is, in such cases, for the purpose of determining federal jurisdiction, the party plaintiff, prosecuting the suit for the benefit of such creditors. Title Guaranty & Trust Co. v. Crane & Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72. Second, the suit must be brought in the Circuit (District) Court of the United States in the district where the contract was to be executed, and not elsewhere. This provision prescribes the venue for such suits and excludes all other statutory provisions relating to venue. U. S. et al. v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163. Third, such suits must be brought in such Circuit (District) Court, irrespective of the amount in controversy, and not elsewhere. This provision not only enlarges the jurisdiction of such courts to include the smallest claims, but also excludes all other statutory provisions affecting jurisdiction of such courts over the subject-matter of the suit.

The state statute leaves the issue of venue to be determined by general law, which provides that except in certain special cases, none of which are shown either by appellant's petition or by appellee's plea in abatement to be applicable here, suits shall be brought in the county where one or more of the defendants may reside. There is no attempt in such statute to confer jurisdiction over the subject-matter of such suits, either by prescribing the court in which the same shall be brought or by enlarging the jurisdiction of the court in which said suits may be in fact brought so as to embrace all such claims, irrespective of the amount thereof. The Legislature seemed to recognize the fact that jurisdiction over the subject-matter of suits is in this state governed by constitutional provisions, and that such provisions divide and apportion such jurisdiction over moneyed demands among the justice, county, and district courts according to the amount in controversy.

[4] It has been held in this state, and such holding is supported by the overwhelming weight of authority, that in suits on bonds the amount demanded by the plaintiff therein, and not the penalty named in the bond, is the "amount in controversy" within the meaning of such constitutional provisions. Hall v. Tunstall, 21 Tex. Civ. App. 593, 54 S. W. 323; U. S. v. McDowell, 4 Cranch, 316, 2 L. Ed. 632; Swartz v. English, 4 Kan. App. 509, 44 Pac. 1004; Montgomery v. Martin, 104 Mich. 390, 62 N. W. 578; Bowden v. Taylor, 81 Ga. 199, 6 S. E. 277; Rawles v. People, 2 Colo. App. 501, 31 Pac. 941; Buechel v. Buechel, 65 Wis. 532, 27 N. W. 318; Boomer v. Laine, 10 Wend. (N. Y.) 525.

The federal Supreme Court, where an action by creditor is brought in the name of the United States for the benefit of the original plaintiff, as well as all other interveners, has held that the claims sued on, though asserted in one suit, are several and represent distinct causes of action in different parties. Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 142, 55 L. Ed. 72. The same court has also held that suits by creditors on such bonds are actions at law and not proceedings in equity. Illinois Surety Co. v. U. S., etc., 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609.

[5] Appellee contends that the aggregate

amount of claims existing at the time the first suit is filed determines jurisdiction over the subject-matter, and that the suit of the first claimant must be filed in a court having jurisdiction to determine all such claims in the aggregate as though asserted by a single plaintiff. The difficulty and hardship attending such construction is that the original plaintiff in such a suit with a claim below the original jurisdiction of the District Court is given no compulsory process to ascertain the number and amount of claims existing at the time. The number and amount of unpaid claims so existing are matters peculiarly within the knowledge of the contractor, the principal defendant in a suit on such bond, and with whom the surety or sureties thereon are in privity. Neither is such original plaintiff given any authority to put such claims in issue or to compel the holders thereof to intervene and assert their rights in a suit brought by him. Until a claim is actually asserted or put in issue in a particular suit, no part of the amount of such claim is actually in controversy therein.

[6, 7] Considering this case in the light of the authorities hereinbefore cited, we do not believe that the correct disposition of this appeal requires us to pass on the contention so advanced by appellee. We are not to be understood as passing upon such contention as applied to a case where the jurisdiction of the court is attacked by timely pleading and proof, showing the existence of claims against the bond aggregating an amount beyond the jurisdiction of such court. The subject-matter of the cause of action asserted by the appellant's petition was a moneyed demand for more than $200 and less than $1,000. His petition did not disclose on its face the existence of any other claim or claims against appellee on the bond sued on. The existence of such claims will not be presumed. Said petition contained nothing tending in any way to impeach or defeat the jurisdiction of the court. Jurisdiction of the subject-matter of the cause of action so asserted was conferred on the county court by the express terms of article 5, § 16, of the Constitution of this state. Where a petition shows on its face a cause of action within the jurisdiction of the court in which the suit is instituted, the issue of jurisdiction in fact cannot be presented otherwise than by a plea in abatement. Hoffman v. Bldg. & Loan Ass'n, 85 Tex. 411, 22 S. W. 154.

[8-10] Some of the matters set up by appellee in its plea in abatement do not go to the jurisdiction of the court over the subject-matter. Title Guaranty & Trust Co. v. Crane Co., supra. Other matters set up in said plea, including the provision of the statute that only one suit shall be brought on such bond, are requirements which appel-

lee for itself had power to waive because prescribed primarily for its benefit and protection. If appellee desired to urge any such requirements in abatement of this suit, it should have raised them by timely plea, filed on or before the filing of its answer to the merits, and it should have presented such plea to the court for hearing and determination during the term at which it was filed. R. S. arts. 1902 and 1910. Not having done so, appellee waived its right to urge the matters set up in its said plea in abatement of this suit. Wallace v. Nat. Bank, 95 Tex. 103, 65 S. W. 180; Hoffman v. Bldg. & Loan Ass'n, supra.

The judgment of the trial court is reversed and the cause remanded.